(No. 40153.—

The Metropolitan Sanitary District of Greater Chicago, Appellee, *vs.* The Industrial Commission *et al.*—(Raymond Hill, Appellant.)

*Opinion filed June 22, 1967.*

Scott J. Vitell, and John Iacono, both of Chicago, (Sidney A. Karasik, of counsel,) for appellant.

George A. Lane and Sidney B. Baker, both of Chicago, for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

The first question that arises upon the record in this workmen's compensation case is whether a circuit court has jurisdiction to review an interlocutory order of the Industrial Commission. We hold that it does not.

On September 26, 1961, Raymond Hill, the claimant, experienced a tightness in his chest while he was pursuing his usual duties as an employee of the Metropolitan Sanitary District of Greater Chicago. He went at once to the first aid room, and was subsequently hospitalized for nearly a month and treated by heart specialists. He filed an application for adjustment of claim under the Workmen's Compensation Act, and at the hearing before the arbitrator the parties stipulated that the only issue in dispute was the amount he should receive by way of reimbursement for medical bills he had paid. On October 14, 1963, the arbitrator found that the claimant had sustained an accidental injury arising out of and in the course of his employment, and awarded him the sum of $2,071.41 for necessary first aid, medical, surgical and hospital services. No attempt was made to review this award.

On August 31, 1964, the claimant filed a petition for review pursuant to section 19(h) of the Workmen's Compensation Act, which provides that an award "under this Act providing for compensation in installments" may be reviewed by the Commission at the request of either the employer or employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended. "On such review compensation payments may be re-established, increased, diminished or ended." Ill. Rev. Stat. 1965, chap. 48, par. 138.19(h).

The employer moved to dismiss the petition, the Commission denied the motion, and on *certiorari* the circuit court of Cook County reversed. The claimant has appealed.

Section 19 authorizes review of a "decision" of the Commission by the circuit court on statutory *certiorari*. While the statute does not directly define the term "decision", its provisions clearly show that a final determination by the Commission is contemplated, for the "decision" of the Commission which is reviewable is "conclusive unless reviewed" by the circuit court, and in the absence of judicial review the entry of a judgment in accordance with the "decision" of the Commission is authorized. (Ill. Rev. Stat. 1965, chap. 48, par. 138.19(f),(g)). Nothing in the act suggests that judicial review of interlocutory orders of the Commission was intended.

While the precise question involved in this case does not appear to have arisen, numerous decisions in analogous situations support the conclusion that only final determinations of the Commission are reviewable. In *Mayrath Co. v. Industrial Com.*, 33 Ill.2d 224, for example, the Commission had vacated its earlier order of dismissal and ordered the claimant's application set for hearing before an arbitrator. The employer then brought the matter before the circuit court on *certiorari*. The circuit court affirmed the Commission, and the employer appealed to this court. The appeal was dismissed because the order of the circuit court re-

manding the case to the Commission was interlocutory, and not appealable. While the opinion of this court is couched in terms of its own jurisdiction upon appeal, there is no reason to distinguish between the jurisdiction of this court and the circuit court so far as the reviewability of "decisions" of the Commission are concerned. Similar results have been reached in many other cases. See, *e.g., Brown Shoe Co., Inc.* v. *Industrial Com.,* 371 Ill. 273; *Brown Shoe Co., Inc.* v. *Industrial Com.,* 374 Ill. 500.

This determination does not foreclose the employer from seeking review of the ruling upon the motion to dismiss after the Commission reaches a final. decision. The Act provides that a circuit court has the power "to review all questions of law and fact presented" by the entire record. Ill. Rev. Stat. 1965, chap. 48, par. 138.19(f)(1); and see *A.C.F. Industries, Inc.* v. *Industrial Com.,* 8 Ill.2d 552, 554; *Northwestern University* v. *Industrial Com.,* 409 Ill. 216; *American Manganese Steel Co.* v. *Industrial Com.,* 399 Ill. 272; *Gray Knox Marble Co.* v. *Industrial Com.,* 363 Ill. 210; *Yellow Cab Co.* v. *Industrial Com.,* 333 Ill. 49.

The judgment of the circuit court of Cook County is vacated, and the cause is remanded to the Industrial Commission.

*Vacated and remanded.*