(No. 45621.

RUSH BERRY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Butler Manufacturing Co., Appellee.)

*Opinion filed October 1, 1973.*

EDWARD L. WELCH, of Edwardsville, for appellant.

STUART, NEAGLE & WEST, of Galesburg (THOMAS G. WEST, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The petitioner, Rush Berry, filed a *praecipe* for a writ of *certiorari* under section 19(f)(1) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.19(f)(1)). The *praecipe* was filed in the circuit court of Knox County for the purpose of reviewing a decision of the Industrial Commission affirming an order of the arbitrator which had denied compensation to the petitioner. The finding of the arbitrator was that notice of the accident had not been given to the respondent within the time prescribed in the Act. In its decision on review, as required by this section of the statute, the Industrial Commission found the probable cost of the record to be filed as a return to a writ of *certiorari* to be $200. The petitioner did not physically exhibit to the clerk of the circuit court of Knox County a receipt from the Industrial Commission showing the payment of the estimated cost of the record at the time of the filing of the *praecipe*. The writ of *certiorari* issued and the respondent, Butler Manufacturing Co., moved to quash the writ. The circuit court allowed the motion and quashed the writ of *certiorari*. The petitioner appealed to this court.

Section 19(f)(1) provides that the circuit court shall by writ of *certiorari* to the Industrial Commission have power to review all questions of law and fact presented by the record. Such suit shall be commenced within 20 days of the receipt of notice of the decision of the Commission. It further provides that the Commission shall not be required to certify the record of its proceedings to the

circuit court unless the party commencing the proceedings on review shall pay the costs specified in the Act. This section further provides that "no praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums so determined to the Secretary or Assistant Secretary of the Commission ***."

The decision of the Industrial Commission was received by the petitioner's attorney on May 10, 1972. On May 25 he forwarded to the circuit clerk's office the *praecipe* for writ of *certiorari,* which was received by the clerk on May 26. On that date a deputy clerk called the petitioner's attorney and informed him of the amount of the filing fee in the circuit court and also informed him of the need for a receipt for costs from the Industrial Commission. The attorney, on the same date, forwarded to the Industrial Commission a check in the amount of $200 in payment of the costs and forwarded a copy of the letter of transmittal along with a check to cover the filing fee in the circuit court to the clerk of the circuit court of Knox County. Saturday, Sunday and a holiday intervened, and on May 30, the 20th day following the receipt of the decision of the Industrial Commission, the clerk's office received the filing fee and the copy of the letter to the Industrial Commission. The deputy clerk again called the attorney's office and was informed that the probable costs had been paid and was told that this could be verified by calling the Industrial Commission in Chicago. The deputy clerk called the Industrial Commission in Chicago and was informed by the lady with whom he talked that the $200 in costs had been paid. The deputy clerk then filed the petition for a writ of *certiorari.* On June 2 the Industrial Commission's receipt for costs was received in the clerk's office and filed. Following the filing of the receipt the writ of *certiorari* issued.

Both parties recognize that in reviewing decisions of the Industrial Commission the circuit court is exercising a special statutory jurisdiction and that the court can obtain jurisdiction to review the decisions only in the manner prescribed by the legislature. (*Visioni v. Industrial Com., 379 Ill. 608.*) This court has held that the parties seeking a hearing in the circuit court under the statute must comply with all the conditions prescribed. *Moweaqua Coal Mining and Mfg. Co. v. Industrial Com., 322 Ill. 403; Peter H. Clark Lodge No. 483 v. Industrial Com., 48 Ill.2d 64.*

It is the respondent's contention that the application of these principles of strict construction require that before a *praecipe* may be filed a receipt from the Industrial Commission showing the payment of costs must be physically exhibited to the clerk of the court. To the contrary is the petitioner's contention that it is the payment of the costs which the legislature has sought to insure and the clerk need only be satisfied that the costs have been paid before permitting the *praecipe* to be filed. Under the peculiar facts present in this case, we find that the requirements of the statute have been satisfied and that the circuit court should not have quashed the writ of *certiorari.*

The respondent cites *Moweaqua Coal Mining and Mfg. Co. v. Industrial Com.* and *Peter H. Clark Lodge No. 483 v. Industrial Com.* as cases where this court has applied the principles of strict construction to the statutory requirement that the receipt be exhibited before the *praecipe* is filed. We note however that in *Moweaqua* this court stated in construing this statutory requirement:

> "The purpose of the statute is to *coerce the payment* of an amount sufficient to cover the cost of the record which the Industrial Commission must prepare. The legislature has seen fit to make the *payment* of this amount a condition precedent to the issuance of the writ." (Emphasis added.) 322 Ill. at 405.

In that case the *praecipe* for the writ of *certiorari* was filed in the circuit court on November 29 and the payment of the probable costs of the record as determined by the Industrial Commission was not made until the following March 6. In *Peter H. Clark Lodge No. 483* the receipt was filed February 26, 1969, two days beyond the expiration of the 20-day statutory period, and the receipt itself showed that it was prepared by the Industrial Commission on February 25, 1969, which was also after the period for filing the *praecipe* had expired. Thus, it appears that in both cases the payment had not been made within the period prescribed by the statute.

As stated in *Moweaqua* the purpose of the statutory requirement that a receipt for costs be exhibited before filing the *praecipe* is to coerce the payment of the costs of the record. If the costs have been paid and the clerk has been satisfied that payment has in fact been made, the purpose of the statute has been fulfilled. A letter or a telegram from the Industrial Commission informing the clerk that the costs have been paid is as effective for this purpose as the actual receipt issued to the attorney. So also, is the copy of the letter from the attorney to the Industrial Commission transmitting the costs followed by a verification by the Industrial Commission that the costs have been received—the situation in this case.

We feel that the result reached in this case is in keeping with the pronouncement in *Republic Steel Corp. v. Industrial Com., 30 Ill.2d 311,* that the tendency is to simplify procedure, to honor substance over form, and to prevent technicalities from depriving a party of the right to be heard.

For these reasons the judgment of the circuit court of Knox County is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*