(No. 56829.—

BILL ARRINGTON, Appellant, v. THE INDUSTRIAL
COMMISSION *et al.* (Charles M. Pulley, Jr., Appellee).

*Opinion filed June 17, 1983.*

506

Alfred R. Bonaldi, of Keefe & De Pauli P.C., of Fairview Heights, for appellant.

Robert P. Schulhof, of Robert P. Schulhof & Associates, of Carbondale, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

Charles M. Pulley, Jr., filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for injuries arising out of and in the course of his employment with Bill Arrington in Carbondale. Following a hearing, the arbitrator awarded him eight weeks of

compensation at the rate of $105 for temporary total disability, 25 weeks of compensation at the rate of $90 for permanent partial disability, and $1,020.43 for necessary medical and hospital expenses. The Industrial Commission, on November 19, 1981, modified the decision of the arbitrator by finding that Pulley failed to prove he suffered injuries caused by his employment and did not establish he was entitled to an award as a result of work-related injuries. The circuit court of Williamson County reversed the decision of the Industrial Commission and reinstated the award of the arbitrator. Arrington appealed directly to this court pursuant to Rule 302(a)(2) (87 Ill. 2d R. 302(a)(2)).

Arrington contends that the circuit court did not have jurisdiction to review the decision of the Industrial Commission because of Pulley's failure to comply with the requirements of section 19(f)(1) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(1)), which provides that the circuit court shall, by writ of *certiorari* to the Industrial Commission, have the authority to review all issues of law and fact presented by the record. A suit shall be initiated within 20 days of the receipt of notice of the Commission's decision. Section 19(f)(1) also provides:

"[N]o praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums so determined to the Secretary or Assistant Secretary of the Commission ***." Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(1).

We noted above that the decision of the Industrial Commission was rendered November 19, 1981. It was received by Pulley on November 25, 1981. On December 3, 1981, Pulley's attorney mailed a check for $125 to the Industrial Commission. This check was payment for the probable cost of the record to be filed as a return to the writ of *certiorari*. On December 7, 1981, the Industrial Commission issued a receipt for this check. On December 9, 1981, Pul-

ley's attorney filed an affidavit with the clerk of the circuit court of Williamson County which stated that he sent a check to the Industrial Commission on December 3, 1981, to pay the probable cost of the record but had not yet received a receipt. The attorney for Pulley also filed a praecipe for a writ of *certiorari* on December 9, 1981. On the basis of the affidavit, the clerk issued a writ of *certiorari* on that day. There is nothing in the record to show that the clerk was made aware by any means other than the affidavit that the cost of the record had actually been paid to the Industrial Commission.

On December 14, 1981, the attorney for the claimant received the Industrial Commission receipt and mailed it to the clerk of the circuit court. The clerk received and filed the receipt on December 16, 1981. The 20th day following the receipt of the decision of the Commission was December 15, 1981.

This court has consistently held that when the circuit court hears cases on *certiorari* to the Industrial Commission, it exercises a special statutory jurisdiction. (*Perusky v. Industrial Com.* (1978), 72 Ill. 2d 299, 301; *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 185; *Boalbey v. Industrial Com.* (1977), 66 Ill. 2d 217, 218; *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 277; *Peter H. Clark Lodge No. 483, I.B.P.O.E. v. Industrial Com.* (1971), 48 Ill. 2d 64, 68.) While circuit courts are courts of general jurisdiction and enjoy a presumption of subject matter jurisdiction, this presumption is not available in compensation cases, where the court is exercising special statutory jurisdiction. Strict compliance with statutory requirements for the issuance of the writ must affirmatively appear in the record. (*Wabash Area Development, Inc. v. Industrial Com.* (1981), 88 Ill. 2d 392; *Village of Glencoe v. Industrial Com.* (1933), 354 Ill. 190, 195; *Keal v. Rhydderck* (1925), 317 Ill. 231, 236.) The Act requires that a litigant who seeks to review a decision of the Industrial Com-

mission *exhibit to the clerk of the circuit court* a receipt showing payment of the amount of the probable cost of the record. If this condition precedent for the issuance of the writ is not met, the circuit court does not have subject matter jurisdiction. Pulley contends that Arrington has waived this issue by failing to raise the question in the circuit court. This question involves subject matter jurisdiction, which a party does not waive by failing to raise it in the lower court. It can be raised at any time. See *City of Chicago v. Shayne* (1963), 27 Ill. 2d 414; *Perlman v. Thomas Paper Stock Co.* (1941), 378 Ill. 238; *Michelson v. Industrial Com.* (1941), 375 Ill. 462.

As noted, strict compliance with statutory provisions is required. However, in *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, this court held that a receipt which showed payment of the amount of the probable cost of the record to the secretary of the Industrial Commission did not have to be exhibited physically to the clerk of the circuit court. Instead, the clerk need only be satisfied that the cost has been paid before he permits the praecipe to be filed and issues a writ of *certiorari*. The court in *Berry* reasoned that the claimant met the statutory requirement when the court clerk received a letter or telegram from the Commission stating the probable cost had been paid, or a copy of an attorney's cover letter to the Commission transmitting such costs, which was followed by the clerk telephoning the Commission to verify that the check had actually been received. The court determined these relaxed requirements fulfilled the statutory purpose to coerce payment of an amount sufficient to cover the cost of preparing the record and also simplified procedure, honored substance over form, and prevented technicalities from depriving a party of the right to be heard.

In *Wabash Area Development, Inc. v. Industrial Com.* (1981), 88 Ill. 2d 392, this court interpreted the holding of *Berry* and other cases which are consistent with *Berry*

(*Republic Steel Corp. v. Industrial Com.* (1964), 30 Ill. 2d 311, 313; *Lee v. Industrial Com.* (1980), 82 Ill. 2d 496) to be based on the fact that the record in each of them established that the party seeking review had fulfilled the substance of section 19(f). Unlike *Berry,* the court in *Wabash* found, however, that no proof in the record showed that a receipt was exhibited to the clerk of the court, or that he was otherwise satisfied that the probable cost of the record had been paid. Therefore, the court held that the writ of *certiorari* was improperly issued. We find the writ of *certiorari* was also improperly issued in our case.

The claimant admits on review that no proof in the record establishes that a receipt was physically exhibited to the clerk before the issuance of the writ of *certiorari.* Further, we conclude that the affidavit filed by the claimant's attorney which purports to show payment of the probable cost of the record to the secretary of the Commission is unsatisfactory to show substantial compliance with the statute. The affidavit merely indicates that a check for such payment was mailed to the secretary of the Commission on December 3, 1981. Since the check might have been lost or misplaced in transit by the postal service, this affidavit is inadequate to demonstrate that the Commission had actually received payment of the probable cost of the record before the writ of the circuit court issued.

In holding that the claimant's affidavit failed to provide sufficient evidence that the probable cost of the record had actually been paid, we decline to extend the rationale of *Berry* to cover this case. Although we recognize *Berry* sought to further substance over form and prevent technicalities from depriving a party of the right to be heard, these objectives must be balanced against the statutory goal of ensuring that payment has actually been received prior to the issuance of the writ. In seeking to relax further the standards articulated in *Berry* to cover a new situation where no proof exists in the record to show the

clerk was actually made aware that the payment had been received, the claimant asks us to create an unacceptable risk that the writ of *certiorari* will be improvidently issued.

It is true that in our case the evidence now shows that the payment had actually been made and the receipt of the Commission had been issued before the writ of *certiorari* was issued by the circuit court. However, under the procedure followed in this case, it would have been possible for payment not to have been received before the writ issued, or possible that it would never be received. The strictness of the statutory requirement was designed to ensure that this would not happen. It was designed to relieve the Commission of the uncertainty of whether or not payment would be received. We relaxed the strict statutory requirement in *Berry* so that it was not necessary that the receipt be physically exhibited to the clerk before the writ issued. We cannot, however, relax the requirement further to the extent of injecting into the proceedings the very uncertainty of payment which the statutory requirement was designed to eliminate. Any substitute for physically exhibiting the receipt to the clerk must carry with it the same certainty that payment has been received by the Commission as is demonstrated by physically exhibiting the receipt itself. Furthermore, the record of the circuit court should reflect the nature by which this certainty has been accomplished.

We recognize the hardship that strict compliance with section 19(f)(1) imposes upon attorneys whose offices are located at a distance from the office of the Industrial Commission. Quite often delays in mail service make it difficult for an attorney to mail his check to the Industrial Commission and receive a receipt back in time to file the praecipe for *certiorari* with the circuit clerk within 20 days of the receipt of notice of the decision of the Commission. The clear language of the statute does not permit this court to

ignore its mandate. We are therefore compelled to reach the decision which we do. We strongly suggest, however, that the General Assembly seriously consider amending section 19(f)(1) to permit proof of payment to the Commission to be made by affidavit of the attorney or in some other suitable manner.

Since the requirements of section 19(f)(1) of the Act were not complied with, the writ of *certiorari* was wrongfully issued by the circuit clerk of Williamson County and the circuit court had no jurisdiction to review the findings of the Industrial Commission. The judgment of the circuit court of Williamson County is therefore vacated.

*Judgment vacated.*

JUSTICE GOLDENHERSH, dissenting:

I dissent and would decide the appeal on the merits. In *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, the court stated that the statute required that the receipt for the probable cost of the record be exhibited to the clerk of the circuit court before the writ of *certiorari* is issued in order to coerce payment of the cost of preparing the Industrial Commission's record. In *Berry* the court held that a confirmation by telephone to the circuit clerk was sufficient compliance with the statute.

An attorney is an officer of the court and under our rules the certification of an attorney is accepted without question that he has given notice to opposing parties and performed other acts required either by statutes or rules.

Here, counsel on December 9, 1981, filed an affidavit with the clerk stating that on December 3, 1981, he had sent a check to the Industrial Commission. That this was true is confirmed by the fact that the Industrial Commission issued its receipt dated December 7, 1981. If instead of filing an affidavit counsel had suggested that a deputy clerk call the Industrial Commission's office in Chicago he would have been in compliance with *Berry*. Under these

circumstances shown, his affidavit of compliance should be adequate to accomplish the same result.

JUSTICE SIMON joins in this dissent.