(No. 57389.—

AMERICAN STEEL FOUNDRIES, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Robert Binford, Appellee).

*Opinion filed June 17, 1983.*

William L. Rogers of Keefe & De Pauli, P.C., of Fairview Heights, for appellant.

Edward F. Brennan, Jr., of Carr, Korein, Kunin, Schlichter and Brennan, of East St. Louis, for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

On October 23, 1977, claimant, Robert Binford, slipped and fell during the course of his employment with respondent, American Steel Foundries, sustaining neck and back injuries. Claimant filed an application for adjustment of his claim for compensation, and an arbitrator awarded benefits for temporary total disability and also for 60% partial per-

manent disability under section 8(d)(2) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(d)(2)). The arbitrator also ordered respondent to pay for necessary medical, surgical, and hospital services. Both parties sought review of the permanent partial disability award. Based on its finding that claimant was only disabled to the extent of 28%, the Commission reduced the arbitrator's award, and claimant sought review in the circuit court of Madison County by writ of *certiorari*. That court reversed the Commission's decision and reinstated the arbitrator's award. Respondent appealed directly to this court under Rule 302(a). 87 Ill. 2d R. 302(a).

Because respondent contends that *certiorari* was improperly issued, we first consider whether the circuit court acquired jurisdiction of the cause. Section 19(f) of the Workmen's Compensation Act provides in relevant part:

"(1) Except in cases of claims against the State of Illinois, in which case the decision of the Commission shall not be subject to judicial review, the Circuit Court of the county where any of the parties defendant may be found, or if none of the parties defendant can be found in this State then the Circuit Court of the county where the accident occurred, shall by writ of certiorari to the Commission have power to review all questions of law and fact presented by such record.

Such suit by writ of certiorari shall be commenced within 20 days of the receipt of notice of the decision of the Commission.

\* \* \*

In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a return to the writ of certiorari in that case and no praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums so determined to the Secretary or Assistant Secretary of the Commission \*\*\*." Ill. Rev. Stat. 1977, ch. 48, par. 138.19(f).

The record indicates that claimant's attorney received the Commission's decision on April 17, 1982. As a part of its order, the Commission had fixed the probable cost of the record to be filed pursuant to a writ of *certiorari* at $175. Claimant decided to retain different counsel for the purpose of appeal, and on May 5 his new attorney mailed a check for $175 addressed to the Commission and mailed a praecipe for a writ of *certiorari* to the clerk of the circuit court. The payment of costs to the Commission, which had been sent by certified mail, was delivered to the Commission on May 10. In his letter transmitting the praecipe, claimant's attorney apparently informed the clerk that payment of costs had been forwarded to the Commission and, because a receipt was not yet available, requested the clerk to confirm payment by telephoning the Commission. The record does not indicate whether the clerk verified that payment was received by the Commission before issuing the writ of *certiorari* on May 17. On June 18, claimant's attorney filed with the clerk the Commission's receipt for payment, dated May 14. As claimant's attorney acknowledged during oral argument, the record indicates that the Commission did not actually receive claimant's payment within the 20-day period established by section 19(f). See Ill. Rev. Stat. 1977, ch. 131, par. 1.11.

In keeping with the policy of honoring substance over form, this court has held that section 19(f) does not require physical exhibition of a receipt if payment has actually been made and the circuit court clerk has in some manner confirmed that the Commission has in fact received the payment. (See *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 278.) Because payment is to be made to a State agency, claimant's attorney, in oral argument, urged this court to further liberalize the requirements of section 19(f) by applying section 1.25 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1977, ch. 131, par. 1.25). The relevant portion of that sec-

tion provides:

"Unless an Act otherwise specifically provides, ***
any payment of any kind or description required or au-
thorized to be paid to, the State or any political subdivi-
sions thereof, by the laws of this State:

(1) if transmitted through the United States mail,
shall be deemed filed with or received by the State or
political subdivision on the date shown by the post of-
fice cancellation mark stamped upon the envelope or
other wrapper containing it;

(2) if mailed but not received by the State or po-
litical subdivision, or if received but without a cancel-
lation mark or with the cancellation mark illegible or
erroneous, shall be deemed filed with or received by
the State or political subdivision to which it was re-
quired or authorized to be directed on the date it was
mailed, but only if the sender establishes by compe-
tent evidence that the writing or payment was depos-
ited, properly addressed, in the United States mail on
or before the date on which it was required or autho-
rized to be filed or was due. ***" (Ill. Rev. Stat.
1977, ch. 131, par. 1.25.)

See *City of Peoria v. Illinois Commerce Com.* (1983), 96 Ill.
2d 416, in which this provision was held controlling.

This court has recognized, however, that the legislature,
by establishing the section 19(f) requirements, intended to
insure that the cost of preparing the record would be
borne by the party seeking review. (*Arrington v. Indus-
trial Com.* (1983), 96 Ill. 2d 505, 509-11; *Perusky v. Indus-
trial Com.* (1978), 72 Ill. 2d 299, 301; *Berry v. Industrial
Com.* (1973), 55 Ill. 2d 274, 277; *Moss Equipment v. Indus-
trial Com.* (1973), 55 Ill. 2d 261, 271; *Moweaqua Coal Min-
ing & Manufacturing Co. v. Industrial Com.* (1926), 322
Ill. 403, 405.) When that purpose is considered in conjunc-
tion with the language of section 19(f), as it must be (*In re
Griffin* (1982), 92 Ill. 2d 48, 52; *Village of Lombard v. Pol-
lution Control Board* (1977), 66 Ill. 2d 503, 507), it is clear
that the legislature intended to require a party to present

proof that the Commission had actually received payment, rather than allowing proof that payment has been mailed to suffice. The language of section 19(f) that "no praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue unless the party seeking *** review *** shall exhibit to the clerk *** a receipt showing payment *** [of the costs to] *** the Commission" simply admits of no construction which would permit issuance of the writ, as occurred here, prior to the time the Commission received payment. See *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 511-12, and recommendation there made for legislative change.

Consequently, because section 19(f) thus provides otherwise, section 1.25 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1977, ch. 131, par. 1.25) is by its own terms inapplicable. In addition, we note that the General Assembly has provided that section 1.25, as well as the other statutorily prescribed rules of construction, is to be disregarded if its application would result in a construction which is "inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute." Ill. Rev. Stat. 1977, ch. 131, par. 1.

It is well established that jurisdiction to review the Commission's decisions may be invoked by a party only upon compliance with the provisions of the Workmen's Compensation Act. (See, *e.g., Wabash Area Development, Inc. v. Industrial Com.* (1981), 88 Ill. 2d 392, 395; *Perusky v. Industrial Com.* (1978), 72 Ill. 2d 299, 301; *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 185; *Boalbey v. Industrial Com.* (1977), 66 Ill. 2d 217, 218; *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274. Accord: *Simpson v. Industrial Com.* (1982), 91 Ill. 2d 452, 456; *Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 262.) As this court has noted:

" 'Proceedings under the Workmen's Compensation act

are purely statutory. Compensation for injuries received by an employee was unknown at the common law. The jurisdiction conferred on the circuit and superior courts to review findings of the commission by *certiorari* is special. The writ of *certiorari* in this class of cases is not to be confused with the common law writ of *certiorari*. The powers of the court and the methods of procuring jurisdiction are specifically defined in the Workmen's Compensation act, and the courts can obtain jurisdiction only in the manner provided by that statute.' " (*Peter H. Clark Lodge No. 483 v. Industrial Com.* (1971), 48 Ill. 2d 64, 69.)

Since the record establishes that actual payment was not made to the Commission within the 20-day period during which review proceedings may be instituted, the writ of *certiorari* was improperly issued and the Commission's decision became conclusive. Ill. Rev. Stat. 1977, ch. 48, par. 138.19(f); *Simpson v. Industrial Com.* (1982), 91 Ill. 2d 452, 456.

Because the circuit court's jurisdiction to review the Commission's decision was not properly invoked, its judgment must be vacated and the writ of *certiorari* quashed.

*Writ quashed; circuit*
*court vacated.*