MARLENE MILLER, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (General Motors Corporation, Electro-Motive Division, Appellee).

First District (Industrial Commission Division)   No. 1—84—0374WC

Opinion filed May 16, 1984.

Gordon & Gordon, Ltd., of Chicago (Robert E. Gordon, of counsel), for appellant.

Thomas D. Nyhan and William A. Morgan, both of Pope, Ballard, Shepard & Fowle, Ltd., of Chicago (Elmer W. Johnson, of counsel), for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Marlene Miller, sustained injuries while in the employ of respondent, Electro-Motive Division, General Motors Corporation. She filed an application for adjustment of her claim for compensation under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*). An arbitrator awarded petitioner benefits for temporary and permanent total disability and for medical expenses; however, the Industrial Commission reversed the arbitrator and awarded the petitioner nothing. Petitioner sought review and in the circuit court of Cook County by writ of *certiorari*, and Electro-Motive moved

to quash the writ, alleging that petitioner had failed to make timely payment of the cost of preparing a transcript of the record as required by section 19(f) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f)). The circuit court quashed the writ and dismissed the court proceedings, and Miller perfected the instant appeal.

Miller, a 24-year-old receiving clerk employed by Electro-Motive, noticed pain in her back when she moved a heavy pallet on January 7, 1979. Upon Miller's application for adjustment of her claim for workers' compensation benefits, the arbitrator awarded her compensation for 52 weeks for temporary total incapacity for work, 110 weeks for permanent partial disability for the loss of use of her right leg to the extent of 55% thereof, and $2,243.30 for medical and hospital services. The Industrial Commission reversed the decision of the arbitrator and awarded petitioner nothing. The Commission found that Miller failed to prove accidental injuries arising out of and in the course of her employment because she failed to provide the hospital with a history of the accident. When Miller sought review in the circuit court of Cook County by writ of *certiorari*, Electro-Motive moved to quash the writ, alleging that petitioner had failed to pay for the probable cost of the record within the 20-day period as required by section 19(f) of the Workers' Compensation Act. In support of its motion to quash, respondent filed the affidavit of Elsie Kurasch, secretary of the Illinois Industrial Commission, in which Ms. Kurasch represented that she had not received payment for the probable costs of the record in the instant case, that she had diligently searched the records of the Illinois Industrial Commission and found no record of such payment, and that no receipt for said payment had been issued by the Illinois Industrial Commission. Petitioner filed the affidavit of Richard P. Nilson, an attorney practicing in the firm representing petitioner. Nilson stated that on March 5, 1982, the date he had filed the matter in the circuit court of Cook County, he mailed a check to Sherry Johnson, the clerk in charge of handling petitions for review at the Industrial Commission. Nilson further stated that on March 5, 1982, he had advised Sherry Johnson that he was mailing her a check for $175 and would need the transcript prepared. Nilson further stated that a check was issued from the court-cost account of his firm and that neither Nilson nor any member of the firm had been advised that the check was not received by the clerk until the motion to quash was presented. Nilson further represented that it had always been the practice of his firm to mail checks to the clerk of the Industrial Commission and that it was contemplated that a receipt was to be re-

ceived later in the mail. Nilson said that no receipt was received in the instant case but that upon his firm's notification that no monies had been received, a new check was issued and a receipt was received. Nilson further deposed that his practice of having the receipt mailed was common among attorneys practicing before the Industrial Commission and that the clerks, including Sherry Johnson, had always agreed to facilitate the process by allowing the writ of *certiorari* to issue and by permitting the appeal to be perfected while receiving monies through the mail. Nilson concluded that in this particular instance the initial check must have been lost or mislaid.

Electro-Motive's reply included the affidavit of Sherry Johnson, the individual alluded to in the affidavit of Richard P. Nilson. The affidavit stated that on March 5, 1982, Ms. Johnson received a writ of *certiorari* issued by the circuit court of Cook County in the instant case but that no receipt for payment of the probable cost of the record had been issued as of that date because no payment had been made. She also stated that she had no further communications from the attorney of either party until the middle of June 1982, when a representative of respondent's attorney inquired why the record had not been filed with the clerk of the circuit court of Cook County. She related that she advised that individual that the record had not been filed because the costs had not been paid. Ms. Johnson stated that she then attempted to contact petitioner's attorneys and left a message advising them of the nonpayment. She further stated that, as of June 18, 1982, payment for the transcript had not been received and no receipt had been issued.

Petitioner has appended to her brief on appeal a copy of the statement of account of the Industrial Commission transcript deposit fund indicating, in the instant case, a deposit of $175 on June 23, 1982, no charge for court reporter's charges, and a refund due of $169.40 after deducting a $5.60 charge for forms. This document also states that the record was sent to the circuit court.

The sole issue presented by the instant appeal is whether petitioner's actions were sufficient under section 19(f)(1) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f)(1)) to give the circuit court of Cook County subject matter jurisdiction to review the decision of the Illinois Industrial Commission by writ of *certiorari*.

Section 19(f)(1) of the Act, in pertinent part, states as follows: "[A] suit by writ of certiorari shall be commenced within 20 days of the receipt of notice of the decision of the Commission. * * * [N]o praecipe for a writ of certiorari may be filed and no writ of certiorari

shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums [determined to be the amount of the probable cost of the record] to the Secretary or Assistant Secretary of the Commission * * *." Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f)(1).

The supreme court has consistently held that when the circuit court hears cases on *certiorari* to the Industrial Commission, it exercises a special statutory jurisdiction and strict compliance with statutory requirements for the issuance of the writ must affirmatively appear in the record. Furthermore, a litigant seeking to review a decision of the Industrial Commission must exhibit to the clerk of the circuit court affirmative proof of payment of the amount of the probable cost of the record. If this condition precedent for the issuance of a writ of *certiorari* is not met, the circuit court does not have subject matter jurisdiction. *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 508-09, 451 N.E.2d 866, 867; *American Steel Foundries v. Industrial Com.* (1983), 96 Ill.2d 513, 518-19, 451 N.E.2d 883, 885-86.

Petitioner concedes that actual payment was not made to the Industrial Commission within the 20-day period during which review proceedings may be instituted; however, she urges that an exception to the requirements of the section 19(f) of the Act is warranted in the case at bar because the affidavit of her attorney establishes the timely mailing of the required payment and, also, that it is conceded that the record had already been prepared at the time of review.

■ In *Arrington* the court considered an identical contention. There the affidavit filed by the employee's attorney indicated that a check for the payment of the probable cost of the record had been mailed to the secretary of the Industrial Commission. The court concluded that, "[s]ince the check might have been lost or misplaced in transit by the postal service, this affidavit is inadequate to demonstrate that the Commission had actually received payment of the probable cost of the record before the writ of the circuit court issued." (*Arrington v. Industrial Comm.* (1983), 96 Ill.2d 505, 510, 451 N.E.2d 866, 868.) Similarly, in the instant case, the affidavit of petitioner's counsel merely establishes that payment was mailed. It does not adequately demonstrate that payment of the probable cost of the record was actually made, a condition precedent to the issuance of the writ of *certiorari*.

■ Furthermore, in *American Steel Foundries* the court noted that, although section 19(f)(1) of the Act does not require physical exhibition of a receipt of payment, the circuit court clerk must in some manner confirm that the Industrial Commission has in fact received

payment of the probable costs of the record. (*American Steel Foundries v. Industrial Com.* (1983), 96 Ill. 2d 513, 516, 451 N.E.2d 883, 884.) In the case at bar, both the secretary of the Industrial Commission and the person responsible for issuing receipts for payments made to the Commission represented that no payment had been made to the Commission by petitioner during the requisite 20-day period. We find *American Steel Foundries* to be dispositive and reject petitioner's contention that the case at bar is distinguishable because the record "had already been transcribed and paid for prior to the filing of the writ." The record contains no evidence to support petitioner's contention that the transcript previously had been prepared and paid for. More importantly, the record conclusively establishes that payment of the probable cost of the record was not made within the statutory period set forth in section 19(f)(1) of the Workers' Compensation Act. As our supreme court observed: "The language of section 19(f) * * * simply admits of no construction which would permit issuance of the writ *** prior to the time the Commission received payment." 96 Ill. 2d 513, 518, 451 N.E.2d 883, 885.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SEIDENFELD, P.J., McNAMARA, BARRY, and WEBBER, JJ., concur.