TOMMY WHITAKER, Appellee, *v.* THE INDUSTRIAL COMMISSION *et al.* (Maple City Manufacturing, Appellant).

Third District (Industrial Commission Division)  No. 3—84—0128WC

Opinion filed June 8, 1984.—Rehearing denied September 12, 1984.

John E. Mitchell, of Henry D. Noetzel & Associates, Ltd., of Peoria, for appellant.

John Lesaganich, of Goldfine & Bowles, P.C., of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Tommy Whitaker filed a claim under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) for injuries arising out of and in the course of his employment with respondent, Maple City Manufacturing. Following a hearing, an arbitrator awarded Whitaker 18⁴/₇ weeks of compensation at the rate of $192.80 for temporary total disability and $1,794 for necessary medical expenses. The Industrial Commission modified the decision of the arbitrator by finding that claimant was temporarily totally disabled for 13³/₇ weeks, affirmed medical expenses in the amount of $1,700.94, and denied causal relationship between the condition of ill-being subsequent to September 15, 1980, and the injuries sustained. The circuit court of Peoria County reversed the decision of the Commission and entered judgment for claimant entitling him to temporary total benefits and medical expenses up to and through October 28, 1981. Respondent appeals.

Since respondent contends that *certiorari* was improperly issued, we must first consider whether the circuit court acquired jurisdiction of the case. Section 19(f) of the Act provides in relevant part:

"[N]o praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums so determined to the Secretary or Assistant Secretary of the Commission ***.'' Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(1).

Claimant filed a *praecipe* for a writ of *certiorari* and an affidavit regarding payment of the record, and the clerk issued a writ of *certiorari*. There is nothing in the record to show that the clerk was made aware that the cost of the record had been paid to the Commission except for an affidavit filed by claimant's counsel. That affidavit recited that counsel had mailed a check in the amount of

$175 to the Commission for the writ of *certiorari*.

In *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 451 N.E.2d 866, the supreme court held that an affidavit filed by claimant's attorney which purports to show payment of the probable cost of the record to the secretary of the Commission is unsatisfactory to show substantial compliance with the statute. In language which is dispositive of the issue before us, the court stated:

> "The affidavit merely indicates that a check for such payment was mailed to the secretary of the Commission ***. Since the check might have been lost or misplaced in transit by the postal service, this affidavit is inadequate to demonstrate that the Commission had actually received payment of the probable cost of the record before the writ of the circuit court issued." 96 Ill. 2d 505, 510, 451 N.E.2d 866.

Since claimant's affidavit failed to provide sufficient evidence that the probable cost of the record had actually been paid and since compliance with the statute must appear within the record, the requirements of section 19(f)(1) of the Act were not met. (*Miller v. Industrial Com.* (1984), 124 Ill. App. 3d 291; *Bemis Co. v. Industrial Com.* (1983), 97 Ill. 2d 237, 454 N.E.2d 319; *American Steel Foundries v. Industrial Com.* (1983), 96 Ill. 2d 513, 451 N.E.2d 883.) Consequently, the writ of *certiorari* was wrongfully issued by the circuit clerk of Peoria County and the circuit court had no jurisdiction to review the findings of the Industrial Commission.

Accordingly, the motion to remand which was taken with the case is denied, the judgment of the circuit court of Peoria County is vacated, and the writ of *certiorari* is quashed.

Writ quashed; judgment vacated.

SEIDENFELD, P.J., and McNAMARA, WEBBER, and KASSERMAN, JJ., concur.