JOHN WILLIAM MALONE, Appellant, v. THE INDUSTRIAL COMMIS-SION et al. (Community Unit School District No. 201, Appellee).

Third District (Industrial Commission Division)   No. 3—85—0284WC

Opinion filed February 27, 1986.

Dwight L. Shoemaker, of Aledo, for appellant.

Burrel Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

John William Malone filed an application for adjustment of his claim under the Workers' Compensation Act (Ill. Rev. Stat. 1977, ch. 40, par. 138.1 *et seq.*) for a myocardial infarction he allegedly sustained while employed by Community Unit School District No. 201. Following a hearing, the arbitrator denied the claim. On review, the Industrial Commission affirmed the decision of the arbitrator.

Claimant contends that on September 16, 1983, he mailed a letter accompanied by a check in the amount of $175 to the Industrial Commission for payment of the probable costs of the record on appeal. On the same date, claimant filed a *praecipe* for a writ of *certiorari* and a writ of *scire facias* with the circuit court of Mercer County. Attached to the *praecipe* were copies of the letter and check allegedly sent to the Industrial Commission. Although neither a receipt showing payment for the probable cost of the record nor an attorney's affidavit affirming that payment had in fact been made were exhibited, the circuit clerk issued a writ of *certiorari* and summonses to both the Industrial Commission and the attorney for the school district. On September 23, 1983, the receipt showing payment for the probable cost

of the record was filed with the circuit court.

The employer filed a motion to dismiss, contending that the circuit court lacked subject matter jurisdiction because claimant failed to exhibit to the clerk of the circuit court a receipt showing payment of the probable cost of the record as required by section 19(f)(1) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(1)). Claimant responded that although he failed to exhibit the required receipt to the circuit clerk, the court had subject matter jurisdiction because the circuit clerk had been notified that a check had been sent to the Industrial Commission prior to the issuance of the writ of *certiorari* and summonses. Furthermore, claimant urges that since the receipt was eventually filed within 20 days of the claimant's receiving notice of the Industrial Commission's decision, requiring the reissuance of the writ of *certiorari* and summonses in order to comply with section 19(f)(1) is a senseless, duplicative act.

The circuit court dismissed the writ of *certiorari* because "it [was] not privileged to consider the weight of the evidence as submitted for the respective parties herein nor to substitute its judgment for that of the Industrial Commission." Claimant has perfected the instant appeal from the order of dismissal, reasserting the arguments he advanced in the circuit court. Since we conclude that the circuit court lacked subject matter jurisdiction, we need only address claimant's argument regarding jurisdiction.

■■ At the outset, we note that, effective September 14, 1983, section 19(f)(1) had been amended to change the method of seeking judicial review of the decision of the Industrial Commission. Prior to such date, review was obtained by the circuit court upon a writ of *certiorari*, while subsequently the party seeking review was required to file a request for summons. Although the claimant in the case at bar sought judicial review by filing a *praecipe* for writ of *certiorari* and a writ of *scire facias* instead of by filing a request for summons, the employer has raised no objection as to the propriety of such mode of seeking judicial review; therefore, we conclude that it has waived any objection it may have concerning any such irregularity.

Prior to September 25, 1985, section 19(f)(1) of the Workers' Compensation Act provided:

"[N]o request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums [determined to be the probable cost of the record on appeal]." (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1), as amended by Pub. Act 83—360, effec-

tive Sept. 14, 1983.)

Under these provisions of section 19(f)(1) of the Act, the failure to exhibit the receipt showing payment for the probable cost of the record prior to the filing of the request for a summons or the issuance of the summons deprives the circuit court of subject matter jurisdiction. (*Bemis Co. v. Industrial Com.* (1983), 97 Ill. 2d 237, 241, 454 N.E.2d 319, 321; *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 512, 451 N.E.2d 866, 869.) Since the receipt in the instant case was not exhibited to the circuit clerk prior to the filing and issuance of the summons, under the provisions of the Act in effect at the time, the circuit court lacked subject matter jurisdiction.

On September 25, 1985, the following amendment to section 19(f)(1) became effective:

"In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a part of the summons in that case and no request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made of the sums so determined to the Secretary or Assistant Secretary of the Commission, except as otherwise provided by Section 20 of this Act." (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 138.19(f)(1), as amended by Pub. Act 84—981, effective Sept. 25, 1985.)

Thus, the legislature relaxed the requirement that a receipt be exhibited by also permitting the filing and issuance of the summons if the attorney seeking review files an affidavit affirming the fact that payment for the probable cost of the record has been made.

■ Although an amendatory act is ordinarily construed as being prospective in operation, our supreme court has determined that when a change in the law affects only procedural matters, such amendment may be applied retroactively. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034, 1041-42.) However, we decline to do so in the case at bar. In *Maiter*, the statutory amendment which was retroactively applied became effective prior to the circuit court's disposition. In contrast, the statutory amendment in the instant case did not become effective until 18 months after the circuit court dismissed the appeal for lack of jurisdiction.

■ Regardless of our decision not to apply the September 25, 1985, amendment to section 19(f)(1) of the Act, were we to consider

the instant case under such amendment to section 19(f)(1), we conclude that the circuit court still lacked subject matter jurisdiction. Failure to strictly comply with the provisions of section 19(f)(1) deprives the circuit court of subject matter jurisdiction. (*Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 508-09, 451 N.E.2d 866, 867.) Under the provision of section 19(f)(1) now in effect, a summons cannot be filed or issued by the circuit clerk unless the party seeking review exhibits to the clerk proof of the payment of the probable cost of the record by filing either (1) a receipt showing payment or (2) an affidavit of the attorney seeking review which sets forth that payment has in fact been made. Since neither a receipt nor an attorney's affidavit were filed prior to the filing and issuance of the summons in the case at bar, the circuit court lacked subject matter jurisdiction over this cause.

Moreover, the goal of section 19(f)(1) is to ensure that payment for the probable cost of the record has been made prior to the issuance of the summons. (See *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 510-11, 451 N.E.2d 866, 868-69.) Although copies of a letter and a check allegedly sent to the Industrial Commission were shown to the circuit clerk prior to the filing and issuance of the summons, the attorney did not file an affidavit setting forth that he had in fact mailed payments prior to the filing and issuance of the summons. Although payment was in fact made and the receipt filed within 20 days of the claimant's receiving notice in the case at bar, the goal of section 19(f)(1) was not served by the procedure followed in the instant case. We therefore conclude that less than complete compliance with the express provisions of the Act cannot be allowed under these facts because they create an unacceptable risk that the writ of *certiorari* and summons may have been improvidently issued. *Cf. Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 510-11, 451 N.E.2d 866, 868.

For the reasons stated above, the order of the circuit court of Mercer County is affirmed.

Affirmed.

WEBBER, P.J., and BARRY, LINDBERG, and McNAMARA, JJ., concur.