SPRINKMAN & SONS CORPORATION OF ILLINOIS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Helen Feldhaus, Appellee.)

Third District (Industrial Commission Division) No. 3—86—0344WC

Opinion filed September 23, 1987.

McCULLOUGH, J., dissenting.

Joann M. Fratianni, of Laughlin, Cunningham, Hare & Fanone, of Chicago, for appellant.

Niles D. Griffiths, of Randall, Keefe & Griffiths, of St. Louis, Missouri, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The respondent, Sprinkman & Sons Corporation of Illinois, appeals from a circuit court order vacating the decision of the Industrial Commission (the Commission) that it lacked jurisdiction to hear the claim of the petitioner, Helen Feldhaus. We affirm.

In July of 1979, the petitioner filed an application for adjustment of claim under the Worker's Occupational Diseases Act (the Act) (Ill. Rev. Stat. 1977, ch. 48, par. 172.36 *et seq.*), alleging a claim for her husband's death due to his exposure to asbestos while employed by the respondent. Prior to his death, the husband had been awarded permanent total disability for asbestosis.

On April 7, 1983, the arbitrator ruled that the Commission did not have jurisdiction to adjudicate the claim. On February 28, 1984, the Commission issued a predecision memorandum affirming the arbitrator. On April 3, 1984, the Commission issued its decision adopting and affirming the ruling of the arbitrator.

On March 12, 1984, prior to the issuance of the Commission's decision, the petitioner filed a writ of *certiorari* for circuit court review. The circuit court, on April 25, 1986, found that the Commission had jurisdiction to hear the claim, vacated the Commission's decision and remanded the matter for further proceedings. The respondent has perfected this appeal.

The respondent argues that the order from which the petitioner sought review, the predecision memorandum, was not the final decision. The respondent argues that the petitioner's writ was premature and that the circuit court did not have jurisdiction over an interlocutory ruling of the Industrial Commission.

The petitioner contends that she substantially complied with the filing requirement for circuit court review as set forth in section 19(f)(1) of the Workers' Compensation Act. (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1).) The petitioner contends that because the Commission's decision in the predecision memorandum was the same as in its final decision, the circuit court reviewed what was in effect the final decision of the Commission.

██ █ A circuit court shall have the power to review the decision of the Industrial Commission. The proceeding for review shall be commenced within 20 days of the receipt of notice of the Commission's decision. (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(1).) In Illinois, a circuit court's jurisdiction to review a decision of the Industrial Commission is a special statutory power, limited by the statute's provisions. (*Daugherty v. Industrial Com.* (1983), 99 Ill. 2d 1, 457 N.E.2d 381; *American Can Co. v. Industrial Com.* (1986), 149 Ill. App. 3d 83, 500

N.E.2d 544.) While circuit courts are courts of general jurisdiction and are presumed to have subject matter jurisdiction, this presumption is not available in compensation cases. Strict compliance with section 19(f)(1) is normally required before a circuit court is vested with subject matter jurisdiction. *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 451 N.E.2d 866; *Malone v. Industrial Com.* (1986), 141 Ill. App. 3d 116, 489 N.E.2d 1167.

However, courts have found jurisdiction based on substantial compliance with the requirements of section 19(f)(1). Principal among these cases is *Republic Steel Corp. v. Industrial Com.* (1964), 30 Ill. 2d 311, 196 N.E.2d 654. In *Republic*, the petitioner filed a surety bond with the clerk of the circuit court. The clerk approved the bond, but did not note that approval on the face of the bond. The circuit court allowed the respondent's motion to quash for lack of the clerk's express approval on the face of the bond, as required by *Village of Glencoe v. Industrial Com.* (1933), 354 Ill. 190, 188 N.E. 329. The supreme court, in reversing the circuit court, noted that the tendency of the courts has been to simplify procedure, honor substance over form and prevent technicalities from depriving a party of the right to be heard. The court found that the statute did not require the clerk's written approval on the bond. Rather, it found that where a clerk accepted the bond without objection, approval by the clerk would be presumed and deemed to be sufficient to satisfy the statute.

In *Bethlehem Steel Corp. v. Industrial Com.* (1968), 41 Ill. 2d 40, 241 N.E.2d 444, the circuit court denied the respondent's motion to quash for the petitioner's failure to name in the *praecipe* the respondent's attorneys of record as required by section 19(f)(1). The supreme court upheld the circuit court's ruling on the grounds both that an attorney appeared for the respondent's law firm before the Commission, the circuit court and the supreme court and that the attorney did not deny that service was made upon him.

In *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 302 N.E.2d 277, the petitioner did not file a receipt showing payment of probable costs of record as the statute required. However, the clerk of the circuit court verified the petitioner's payment via a telephone call to the Commission. The supreme court, relying on *Republic*, found that the requirements of the statute were met. Noting that the purpose of the statutory requirement was to coerce the payment of the probable costs of the record, the court held that where the clerk has been satisfied of payment, the purpose of the statute has been fulfilled.

In *Chadwick v. Industrial Com.* (1987), 154 Ill. App. 3d 859, 507 N.E.2d 878, the petitioner listed on the *praecipe* the name but not the

last known address of the respondent as required by section 19(f)(1). However, the petitioner listed the respondent's address on the certificate of mailing. The petitioner also listed the name and address of the respondent's attorney on both the *praecipe* and the certificate of mailing. This court held that the *praecipe* substantially complied with section 19(f)(1). We found that the petitioner gave sufficient information for the circuit court clerk to have notified the respondent of the appeal. We further found that the respondent was not prejudiced by the petitioner's failure to strictly comply with section 19(f)(1).

■ The above cases are analogous to the case at bar. The petitioner's writ of *certiorari* was timely, *albeit* prematurely, filed. The substance of the predecision memorandum and the final decision is identical. Further, the final decision was issued long before the circuit court rendered its decision. Thus, the decision considered by the circuit court was final in all respects. Most significantly, the respondent has failed to show that it was prejudiced by the petitioner's premature writ of *certiorari*. It is clear that the circuit court's decision would have been no different had the petitioner filed for review after receiving the Commission's final decision.

The cases cited by the respondent in support of its position are distinguishable. (*American Structures, Inc. v. Industrial Com.* (1983), 99 Ill. 2d 40, 457 N.E.2d 401; *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 374 N.E.2d 182; *Metropolitan Sanitary District v. Industrial Com.* (1967), 37 Ill. 2d 447, 227 N.E.2d 762.) In *American Structures*, the supreme court held that the Commission's decision to grant a section 19(h) hearing was interlocutory and therefore not a final and appealable order. In *Metropolitan Sanitary District* the supreme court ruled that the Commission's denial of the employer's motion to dismiss the claimant's section 19(h) petition was not a final, appealable decision. In *International Harvester,* the supreme court held that while a section 19(f) petition to correct clerical or computational errors in a Commission decision is pending, the Commission's determination would not be deemed final.

Here, the circuit court considered what was for all practical purposes a final decision of the Industrial Commission. Accordingly, we find the petitioner's actions substantially complied with section 19(f)(1).

■ The respondent next argues that the circuit court erred in finding that the time for filing the petitioner's claim was governed by the law in effect at the time of her husband's death and not the law at the time of his last exposure. The arbitrator found that the statute governing the time for filing for death benefits under the Act was the statute in effect at the time of the deceased's last exposure, namely,

October of 1973. Section 6(c) of the Act then stated that in cases of death occurring within three years from last exposure, an application for compensation must be filed within three years of death. (Ill. Rev. Stat. 1973, ch. 48, par. 172.41(c).) Because the petitioner's husband died five years after his last exposure, the arbitrator held that section 6(c) barred the petitioner's claim.

The circuit court, relying on *A. O. Smith Corp. v. Industrial Com.* (1985), 109 Ill. 2d 52, 485 N.E.2d 335, held that the petitioner's claim was not barred by the statutes of limitations. In *A. O. Smith,* the supreme court held that a claim for benefits by the survivor is separate from the claim of the worker, and that the law in effect at the date of the worker's death is controlling, not the law at the time of injury.

In the instant case, the law in effect when the husband died provided, *inter alia,* that the application for death benefits be filed within three years after the last payment of compensation. (Ill. Rev. Stat. 1977, ch. 48, par. 172.41(c).) Thus, as the petitioner filed her claim less than a year after her husband's death, the circuit court found that the petitioner's claim was not barred. We find no reason to disturb the circuit court's decision on that point.

The respondent lastly argues that the petitioner failed to prove a causal connection between her husband's death and the original exposure. However, this issue was not addressed by the arbitrator or the Commission. As it is the function of the Industrial Commission to decide questions of fact and causation in workers' compensation cases, we will not address it on appeal. *O'Dette v. Industrial Com.* (1980), 79 Ill. 2d 249, 403 N.E.2d 221.

Accordingly, the judgment of the circuit court of Peoria County is affirmed and this cause is remanded to the Industrial Commission for further proceedings.

Affirmed.

McNAMARA, WOODWARD, and KASSERMAN, JJ., concur.

JUSTICE McCULLOUGH, dissenting:

| February 28, 1984 | Notice of predecision memorandum on review. |
| March 12, 1984 | Petition for *Certiorari* filed. |
| April 3, 1984 | Industrial Commission decision issued. |

The employee concedes that she filed the writ of *certiorari* prema-

turely, before the entry of the order affirming the arbitrator.

The supreme court has consistently held that the requirement that a petitioner in a worker's compensation proceeding file for writ of *certiorari* within 20 days of receipt of the notice of decision of the Commission is a prerequisite to subject matter jurisdiction of the circuit court to review that decision and may be satisfied only by literal compliance with the statute. *Boalbey v. Industrial Com.* (1977), 66 Ill. 2d 217, 362 N.E.2d 286; *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 374 N.E.2d 182.

On February 28, 1984, the Industrial Commission issued:

"NOTICE OF
PREDECISION MEMORANDUM ON REVIEW
AND NOTICE OF CONSTRUCTIVE WAIVER
OF CERTAIN RIGHTS UNDER SECTION 19(e)
OF THE WORKERS' COMPENSATION ACT."

The notice stated:

"The Commission will issue a decision in this case as set forth below. At the written request of any party hereto within *20 days* from the date of this notice, with proof of service on all parties, the Commission will issue a decision setting forth in writing the reasons for the decision, including findings of fact and conclusions of law, separately stated. Failure of all parties to request such a decision within the specified time shall be deemed a waiver of the requirement for such a decision pursuant to Section 19(e) of the Workers' Compensation Act acceptance of a summary decision (omitting specific findings of fact and conclusions of law) order as the decision of the Commission. Such a decision in this case will thereafter be signed by the Commission, dated and filed, and copies will be sent to the parties as provided by law. The time for filing a Writ of Certiorari or Petition Under Section 19(h) shall commence upon receipt of the decision of the Commission and not from receipt of the Notice of Predecision Memorandum."

To allow the petitioner's premature filing to confer subject matter jurisdiction on the court is not only contrary to our supreme court's rulings but would affect the orderly process by which decisions of the Commission are filed. The problems that will follow if we find the petition was properly filed and timely filed are numerous. Petitioner in her application for the writ made the false representation that the Commission had determined that the probable cost was $175 and tendered a check in that amount. The order of the Commission affirming the decision of the arbitrator which was subsequently entered stated that

the probable cost of the record was $35. While, in this case, the petitioner overestimated the amount, there is no guarantee that a subsequent appellant would not underestimate the cost and thereby run afoul of the rule that states that there is no subject matter jurisdiction if the probable cost of the record has not been paid. *Miller v. Industrial Com.* (1984), 124 Ill. App. 3d 291, 464 N.E.2d 718.

The majority ignores the provision of section 19(e) which provides in part:

"Any party may, within 20 days after receipt of notice of the Commission's decision, or within such further time, not exceeding 30 days, as the Commission may grant, file with the Commission either an agreed statement of the facts appearing upon the hearing, or, if such party shall so elect, a correct transcript of evidence of the additional proceedings presented before the Commission." Ill. Rev. Stat. 1983, ch. 48, par. 172.54.

The above subsection requires the Commission to give 20 days' notice of the decision, which they did do in this case. The notice gives the party certain rights to attack the decision to be entered. Included is the Commission's prerogative to grant an additional 30 days, within which to file an agreed statement of facts or a correct transcript. The majority decision ignores this statutory provision.

The timetable, according to sections 19(e) and 19(f), with certain exceptions not applicable here, would be:

1. Twenty-day notice of decision—Commission could grant further time not exceeding 30 days.

2. Decision entered.

3. Twenty days to appeal.

It would be inconsistent to say that the predecision order sent out by the Commission is the final order when it grants 20 days and a possible 30-day extension of time to take further action. Under the facts of this case the majority sets the time period for filing a writ at 55 days (February 29, 1984, to April 23, 1984).

The majority's decision is simply contrary to precedent and will create havoc at the Commission level.

The judgment of the circuit court should be vacated; the writ was improperly issued and the circuit court was without jurisdiction to review the decision of the Industrial Commission.