(No. 57286.— )

BEMIS COMPANY, INC., Appellant, v. THE INDUS-TRIAL COMMISSION *et al* (Zella Hudson, Appellee).

*Opinion filed June 17, 1983.—Rehearing denied September 30, 1983.*

Joseph P. Gilfillan, of Davis & Morgan, of Peoria, for appellant.

James L. Hafele, of James L. Hafele, P.C., of Peoria, for appellee.

JUSTICE CLARK delivered the opinion of the court:

This action was brought by petitioner, Zella Hudson,

the widow of James Hudson, to recover compensation under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) for damages incurred as the result of her husband's death while employed by respondent, Bemis Company, Inc. The Industrial Commission affirmed an award entered by the arbitrator in favor of the widow. The circuit court of Peoria County confirmed the award of the Commission. The employer appealed directly to this court. 87 Ill. 2d R. 302(a).

The first issue with which we are confronted in this appeal is the question of the circuit court's jurisdiction. The petitioner asserts that the circuit court improperly exercised jurisdiction because the writ of *certiorari* was improperly issued. The petitioner contends that because the receipt from the Commission for payment of costs for preparation of the record was not exhibited to the clerk before the writ of *certiorari* was issued, the requirements of section 19(f)(1) of the Workers' Compensation Act were not complied with (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(1)).

Section 19(f)(1) of the Workers' Compensation Act provides in pertinent part:

"[S]uit by writ of certiorari shall be commenced within 20 days of the receipt of notice of the decision of the Commission. ***
***
In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a return to the writ of certiorari in that case and no praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums so determined to the Secretary or Assistant Secretary of the Commission ***." Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(1).

The record shows that the decision of the Industrial

Commission was entered on January 18, 1982, and the attorney representing the Bemis Company received notice of the Commission's decision on January 20, 1982.

On February 3, 1982, the attorney for the Bemis Company forwarded a check in the amount of $175 to the Industrial Commission in payment of the probable costs of preparing the record. On February 5, 1982, he called the Industrial Commission and was informed that the check had been received and that a receipt had been issued which was to be deposited in the mail on the same day. On February 8, 1982, the 19th day after the attorney for the Bemis Company had been notified of the Commission's decision, he filed with the circuit court of Peoria County a praecipe for a writ of *certiorari*. At the time of the filing, he personally informed the deputy circuit clerk of the aforementioned facts as well as the fact that he had not yet received the receipt from the Industrial Commission. The writ of *certiorari* was issued on February 8, 1982, and the deputy clerk indicated, on a note attached to the writ, that the issuance of the receipt by the Commission was confirmed in a telephone call made by the deputy clerk on February 9, 1982. The receipt was filed with the clerk on February 10, 1982.

In *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, the court found that the purpose of the filing of the receipt before the filing of the praecipe is to see that the costs for preparing the record are paid. The court said that "[i]f the costs have been paid and the clerk has been satisfied that payment has in fact been made, the purpose of the statute has been fulfilled." 55 Ill. 2d 274, 278; see also *Wabash Area Development, Inc. v. Industrial Com.* (1981), 88 Ill. 2d 392, 396; *American Steel Foundries v. Industrial Com.* (1983), 96 Ill. 2d 513.

In *Wabash Area Development, Inc. v. Industrial Com.* (1981), 88 Ill. 2d 392, the court found that for a writ of *certiorari* to properly issue there must be some proof in

the record that either a receipt was exhibited to the clerk of the circuit court or the clerk was satisfied in some other way that the probable cost of the record had been paid.

Our most recent discussion of the requirements needed to comply with section 19(f) is in *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505. That case involved a claimant who had admitted it was not established in the record that a receipt was physically exhibited to the clerk before the issuance of the writ of *certiorari*. While an affidavit was filed by the claimant's attorney stating that he had sent a check to the Industrial Commission to pay the probable cost of the record, we determined that the filing of the affidavit was insufficient to comply with section 19(f)(1). The court reasoned that, "[s]ince the check might have been lost or misplaced in transit by the postal service, this affidavit is inadequate to demonstrate that the Commission had actually received payment of the probable cost of the record before the writ of the circuit court issued." (*Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 510.) We went on to say:

> "In holding that the claimant's affidavit failed to provide sufficient evidence that the probable cost of the record had actually been paid, we decline to extend the rationale of *Berry* to cover this case. Although we recognize *Berry* sought to further substance over form and prevent technicalities from depriving a party of the right to be heard, these objectives must be balanced against the statutory goal of ensuring that payment has actually been received prior to the issuance of the writ. In seeking to relax further the standards articulated in *Berry* to cover a new situation where no proof exists in the record to show the clerk was actually made aware that the payment had been received, the claimant asks us to create an unacceptable risk that the writ of *certiorari* will be improvidently issued." *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 510-11.

Here the only assurance that the Commission had received payment before the writ was issued came from the

statements made by the attorney filing the praecipe to the clerk. The deputy clerk's subsequent telephone call a day after the writ was issued does not remedy the situation. Had the clerk called and verified the issuance of the receipt prior to the issuance of the writ of *certiorari,* we would be looking at a much more persuasive case where the clerk of the circuit court had also been assured that the Commission had received payment. Because that verification came after the issuance of the writ of *certiorari,* it came too late.

In accordance with our holding in *Arrington v. Industrial Com.,* we find that the writ in the instant case was improperly issued.

We find that because respondent Bemis Company, Inc., failed to comply with the requirements of section 19(f)(1) the writ of *certiorari* was wrongfully issued and the circuit court of Peoria County was without jurisdiction to review the findings of the Industrial Commission.

We are therefore compelled to vacate the judgment of the circuit court.

*Judgment vacated.*

JUSTICE GOLDENHERSH, dissenting:

I dissent and would consider the appeal on its merits. The record shows that the respondent received notice of the Commission's decision on January 20, 1982. On February 3, 1982, its attorney mailed a check to the Commission in the amount of the probable cost of the record. On February 5, 1982, his attorney was advised by telephone that the check had been received and a receipt had been issued. Three days later, well within the 20-day period, the praecipe was filed and the writ of *certiorari* was issued. The receipt was filed with the clerk's office on February 10, 1982, long before petitioner was required to answer the writ.

The intent of the statute is to assure that the Commission receives the sums due it for the preparation of the re-

cord. A litigant should not be penalized because of the present sad state of service furnished by the postal department. The assurances of an attorney and officer of this court that he has paid a certain sum of money should be accepted at face value.

Clearly there was compliance with the statute here and dismissal under these circumstances is a miscarriage of justice.

JUSTICE SIMON joins in this dissent.