GERALD KAVONIUS, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Boise Cascade, Appellant).

Second District (Industrial Commission Division)  No. 2—98—0649WC

Opinion filed June 6, 2000.—Rehearing denied July 26, 2000.

McCULLOUGH, P.J., dissenting, joined by RAKOWSKI, J.

Daniel E. O'Brien, of Hennessy & Roach, of Chicago, for appellant.

Kim Edward Presbrey, of Presbrey & Associates, of Aurora, for appellee.

JUSTICE RARICK delivered the opinion of the court:

On June 11, 1999, this court issued an opinion in *Kavonius v. Industrial Comm'n*, 305 Ill. App. 3d 705, 713 N.E.2d 158 (1999), dismissing employer Boise Cascade's (Boise) appeal of an order of the circuit court of Du Page County confirming the Industrial Commission's (Commission) award of temporary total disability (TTD) benefits. Boise Cascade's appeal was dismissed for failure to substantially comply with the requirements of section 19(f)(1) of the Workers' Compensation Act (820 ILCS 305/19(f)(1) (West 1992)). Pursuant to its supervisory authority, our supreme court on February 28, 2000, remanded the cause to this court for further consideration in light of *Jones v. Industrial Comm'n*, 188 Ill. 2d 314, 721 N.E.2d 563 (1999). In accordance with the mandate of our supreme court, our prior opinion in *Kavonius* is hereby withdrawn and vacated, and the following opinion is issued.

Claimant, Gerald Kavonius, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1994)), for injuries sustained while in the employ of Boise Cascade. Kavonius was employed as a warehouse worker and forklift operator.

On March 8, 1993, Kavonius sustained a back injury while lifting some cartons (case No. 94WC7063). On April 16, 1993, Kavonius sustained a second injury when he picked up a carton to put it on the conveyor (case No. 93WC40884). The arbitrator issued his decision on January 11, 1993. In both cases, the arbitrator found that Kavonius failed to prove that he sustained accidental injuries arising out of and in the course of employment. On March 5, 1995, the Industrial Commission (Commission) affirmed and adopted the decision of the arbitrator in both cases. Kavonius sought judicial review in case No. 93WC40884. On January 18, 1996, the circuit court of Du Page County reversed the Commission and remanded for further proceedings.

On January 17, 1997, the Commission, after an extensive review of the facts, found that Kavonius sustained an accidental injury aris-

ing out of and in the course of his employment on April 13, 1993. The Commission awarded Kavonius a total of 71½ weeks of temporary total disability (TTD) benefits and medical expenses. The Commission denied Kavonius's petition for penalties and attorney fees. Boise received the Commission's decision on January 23, 1997, and filed its request for issuance of summons on February 13, 1997. (February 12, 1997, the twentieth day following Boise's receipt of the Commission's decision, was a court holiday.) A written request for issuance of summons, with a return date of April 7, 1997, and the related documentation necessary to perfect the appeal, including the appeal bond and proof of payment of the probable cost of the record, were sent via Federal Express on February 11, 1997, and received by the circuit clerk on February 13, 1997. According to the affidavit of Sheryl Lapka, one of Boise's attorneys, she subsequently received a return envelope from the clerk's office containing a file-stamped copy of the request for summons, indicating that it was filed on February 13, 1997. The envelope also contained all of the other documentation, none of which had been filed. An attached note stated, "We only need to file the comp. everything else is presented in open court." Upon making an inquiry, Lapka was informed by an employee in the clerk's office that only the "complaint" had to be filed and everything else was to be presented in open court. She was told that was the procedure in Du Page County. No summons was issued.

On July 22, 1997, Boise filed a second request for issuance of summons. Kavonius first received notice of Boise's intent to seek judicial review on July 24, 1997. On August 1, 1997, Kavonius filed a motion to quash, which the circuit court denied on September 5, 1997. On September 26, 1997, Boise filed proof of payment of the probable cost of the record and an appeal bond, and summons was issued. No summons had been issued prior to this time. On review before the circuit court, Kavonius argued, *inter alia*, the circuit court did not have subject matter jurisdiction because Boise failed to comply with section 19(f)(1). On April 24, 1998, the circuit court found that it had subject matter jurisdiction and confirmed the decision of the Commission.

On appeal, Boise argues that the Commission's decision and award of benefits are contrary to the manifest weight of the evidence. We cannot reach this issue, however, because we find that the circuit court did not have subject matter jurisdiction. Taken with the case was Kavonius's motion to dismiss Boise's appeal for want of subject matter jurisdiction. Kavonius argues that the burden is on Boise to demonstrate that it has complied with the requirements of section 19(f)(1) and that the record does not show that Boise has met that burden. Section 19(f)(1) of the Act provides in pertinent part:

"A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request returnable on a designated return day, not less than 10 or more than 60 days from the date of issuance thereof, and the written request shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons. *** ***

In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a part of the summons in that case and no request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made of the sums so determined to the Secretary or Assistant Secretary of the Commission ***." 820 ILCS 305/19(f)(1) (West 1992).

In his motion to dismiss, Kavonius argues that, because Boise failed to comply with section 19(f)(1), this court does not have jurisdiction to hear Boise's appeal. Specifically, he maintains that Boise failed to file proof of payment of the cost of the record.

■ While circuit courts are courts of general jurisdiction and enjoy a presumption of subject matter jurisdiction, such a presumption is not available in workers' compensation proceedings, where the court exercises special statutory jurisdiction, and strict compliance with the statute is required to vest the court with subject matter jurisdiction. *Arrington v. Industrial Comm'n*, 96 Ill. 2d 505, 451 N.E.2d 866 (1983). One of the statutory requirements that must be satisfied in order to vest the circuit court with subject matter jurisdiction is that a party seeking circuit court review must, within 20 days of receiving the Commission's decision, exhibit to the clerk of the court proof of payment of the probable cost of the record by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made. *Bess v. Industrial Comm'n*, 264 Ill. App. 3d 225, 636 N.E.2d 1021 (1994); *Beasley v. Industrial Comm'n*, 198 Ill. App. 3d 460, 555 N.E.2d 1172 (1990). Another requirement is that an appeal bond must be filed along with the written request for summons. Strict compliance with this requirement is likewise necessary to vest the circuit court with subject matter jurisdiction. *Deichmueller Construction Co. v. Industrial Comm'n*, 151 Ill. 2d 413, 603 N.E.2d 516 (1992); *Berryman Equipment v. Industrial Comm'n*, 276 Ill. App. 3d 76, 657 N.E.2d 1039 (1995); *Illinois Armored Car Corp. v. Industrial Comm'n*, 205 Ill. App. 3d 993, 563 N.E.2d 951 (1990).

Our supreme court recently revisited the issue of what is required to comply with section 19(f)(1) in *Jones v. Industrial Comm'n*, 188 Ill. 2d 314, 721 N.E.2d 563 (1999). In *Jones*, the petitioner sought judicial review of the Commission's decision denying him benefits. Petitioner received the decision of the Commission on October 25, 1996. Petitioner filed his request for summons on November 8, 1996, and summons was issued that same day. On November 14, 1996, after issuance of the summons but still within 20 days of his receipt of the Commission's decision, petitioner filed an affidavit stating that payment for the probable cost of the record had been made to the Commission. The circuit court granted respondent's motion to dismiss the appeal for failure to strictly comply with the requirements of section 19(f)(1).

On appeal to our supreme court, the petitioner argued that, because all of the steps necessary to commence statutory review were completed within the statutory 20-day period, he had substantially complied with the requirements of section 19(f)(1). Our supreme court agreed and reversed, holding that petitioner had complied with the "material provisions of the statute." *Jones*, 188 Ill. 2d at 327, 721 N.E.2d at 570. Our supreme court reasoned that the purpose of section 19(f)(1) was to relieve the Commission of the possible burden of having to contest the summons because the record has not been paid for. Because the cost of the record had been paid to the Commission in advance of the return date on the summons, our supreme court concluded that the Commission was never placed in this position.

*Jones* is factually inapposite to the present case. In *Jones*, all of the required documents were filed within the 20-day time frame. Thus, compliance with section 19(f)(1) was affirmatively shown on the record. In the present case, however, the record does not demonstrate that Boise complied with the material provisions of the statute within the 20-day time frame. Further, under the facts of the present case, Boise cannot be said even to have substantially complied with the requirements of section 19(f)(1). According to the affidavit of attorney Lapka, shortly after February 13, 1997, she learned that the proof of payment of the probable cost of the record and the appeal bond had not yet been filed. Nevertheless, Boise did nothing for five months. On July 22, 1997, Boise filed a second request for summons, but again neither proof of payment of the probable cost of the record nor an appeal bond was filed. Such documentation was not filed until September 26, 1997, over seven months after the expiration of the 20-day deadline. While we are sympathetic with Boise's plight with respect to the initial failure to file the appropriate documentation within the 20-day time frame, we cannot excuse Boise's subsequent delay in filing

the second request for summons and proof of payment of the cost of the record. As our supreme court noted in *Jones*, a key goal of workers' compensation law is the prompt resolution of an injured employee's claim. *Jones*, 188 Ill. 2d at 321, 721 N.E.2d at 567. Because of this, the court noted, it is essential that appeals taken from the Commission be pursued in a timely manner. *Jones*, 188 Ill. 2d at 321, 721 N.E.2d at 567. In the present case, neither Kavonius nor the Commission was aware that Boise was seeking judicial review until July 24, 1997, some five months after Boise first sought judicial review. Such delay, and the resultant prejudice to injured employees, is the very thing the timeliness requirement of section 19(f)(1) is designed to avoid. Again, while we are sympathetic with Boise's plight, it would be patently unfair to Kavonius to allow a clerical error on the part of the clerk's office to excuse Boise's subsequent lack of due diligence. To find that Boise substantially complied with the requirements of section 19(f)(1) in the present case would be tantamount to finding that an error by the clerk's office effectively waived the timeliness requirement of section 19(f)(1), to the detriment of Kavonius. Because Boise failed to comply substantially with section 19(f)(1), the circuit court was without jurisdiction to grant Boise's petition for judicial review.

For the foregoing reasons, the motion to dismiss is hereby granted and the cause dismissed for lack of subject matter jurisdiction.

Appeal dismissed.

COLWELL and HOLDRIDGE, JJ., concur.

PRESIDING JUSTICE McCULLOUGH, dissenting:
I respectfully disagree with the majority's determination that the facts in this case do not meet the standard of *Jones* with respect to compliance with section 19(f)(1).

It is important to restate the majority finding as to the record of the proceedings from the date Boise received the Commission's decision on January 23, 1997:

> "A written request for issuance of summons, with a return date of April 7, 1997, and the related documentation necessary to perfect the appeal, including the appeal bond and proof of payment of the probable cost of the record, were sent via Federal Express on February 11, 1997, and received by the circuit clerk on February 13, 1997." 314 Ill. App. 3d at 168.

The majority states that Boise did everything that was required to perfect its appeal. Although Kavonius argues that Boise failed to file proof of payment of the cost of the record, this is simply not true. Proof of payment of the cost of the record was shown.

I agree with the majority's citations to *Bess, Beasley, Deichmueller, Berryman,* and *Illinois Armored Car* concerning compliance with section 19(f)(1).

The majority later states that "the record does not demonstrate that Boise complied with the material provisions of the statute within the 20-day time frame." 314 Ill. App. 3d at 170. I suggest the record does show compliance and, more importantly, the majority finds that "the related documentation necessary to perfect the appeal" was timely received by the circuit clerk (314 Ill. App. 3d at 168).

As in *Jones,* all of the required documents were received by the clerk within the 20-day time frame. The supreme court in *Jones,* in response to the respondent's argument, found its decisions in *Arrington v. Industrial Comm'n,* 96 Ill. 2d 505, 451 N.E.2d 866 (1983), *Wabash Area Development, Inc. v. Industrial Comm'n,* 88 Ill. 2d 392, 430 N.E.2d 1002 (1981), and *Bemis Co. v. Industrial Comm'n,* 97 Ill. 2d 237, 454 N.E.2d 319 (1983), to be inapposite. With respect to the above cases, the court stated:

> "None of the holdings of the decisions cited by respondent address the precise legal question presented in the case at bar. Nor do these decisions involve a factual situation where, like here, the petitioner filed the request for summons within the statutory 20-day period, and exhibited proof of payment to the clerk of the court in the form required by the statute within the 20-day period." *Jones,* 188 Ill. 2d at 327, 721 N.E.2d at 570.

The question in this case is, where the party seeking review sends all the required documents and materials to the clerk of the court, is the failure of the clerk to file all the documents a failure on the part of the appealing party to timely seek review? That Boise did nothing for some five months after it properly filed the necessary documentation does not mean Boise did not comply with the material provisions of the statute.

Section 19(f)(1) strictures were complied with and, pursuant to *Jones,* this court should not dismiss for want of subject-matter jurisdiction.

RAKOWSKI, J., joins in this dissent.