HERALDO ESQUIVEL, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION et al. (Truck Country of Illinois, Appellee).

Second District (Illinois Workers' Compensation Commission Division)
No. 2—09—0122WC

Opinion filed June 3, 2010.—Rehearing denied July 14, 2010.

DONOVAN, J., dissenting, joined by HOLDRIDGE, J.

Brad A. Reynolds, of Law Office of Jim Black & Associates, of Rockford, for appellant.

Kimberly A. Emerson, of Chilton Yambert & Porter LLP, of Chicago, for appellee.

JUSTICE HUDSON delivered the opinion of the court:

Claimant, Heraldo Esquivel, appeals the judgment of the circuit court of Winnebago County dismissing with prejudice his petition for administrative review. The circuit court found that it lacked subject-matter jurisdiction to consider the appeal because claimant failed to establish that he timely exhibited to the clerk of the circuit court any documentation, either a receipt or an affidavit, showing proof of payment of the probable cost of the record on appeal as required by section 19(f)(1) of the Workers' Compensation Act (Act) (820 ILCS 305/19(f)(1) (West 2006)). We affirm.

Claimant filed his application for adjustment of claim with the Illinois Workers' Compensation Commission (Commission) on December 2, 2002. A hearing pursuant to section 19(b) of the Act (820 ILCS 305/19(b) (West 2006)) was held on August 18, 2006. According to the record, the parties agreed that claimant suffered accidental injuries on August 13, 2002, while working for respondent and that claimant provided timely notice to respondent. Disputed issues included causal connection, the extent of claimant's injuries, respondent's liability for temporary total disability (TTD) benefits, medical expenses, prospective medical treatment, and penalties. In a decision issued on November 1, 2006, the arbitrator found that claimant's conditions of ill-being were causally related to the work accident on August 13, 2002. Respondent was ordered to pay $16,180.15 in accrued medical expenses and a total of 104 weeks of TTD benefits, encompassing six distinct periods through August 29, 2005, at a weekly rate of $391.33. The arbitrator denied claimant's request for prospective medical expenses and TTD benefits for the period from August 30, 2005, through the date of the hearing. In addition, the arbitrator refused to assess penalties against respondent.

Claimant filed a timely petition for review with the Commission. On March 11, 2008, the Commission issued a decision affirming and

adopting the decision of the arbitrator and remanding the cause for further proceedings. The Commission fixed the probable cost of the record at $35. According to claimant, he received the Commission's decision on March 24, 2008. The record shows that on April 9, 2008, claimant filed in the circuit court a petition for administrative review, a request to the circuit clerk to issue summons to the Commission and the parties of record, and a certificate of mailing of the summons to the Commission. There is no indication in the record that, when he filed the foregoing documents, claimant tendered a receipt as proof of payment of the probable cost of the record or an affidavit of his attorney stating that the same had been paid to the Commission. On April 9, 2008, the clerk of the circuit court sent a copy of the summons to the Commission and to respondent and its attorneys by certified mail. The return receipts indicate that the summonses were delivered on April 14, 2008.

On August 22, 2008, respondent filed a motion to dismiss claimant's petition for administrative review on the ground that the circuit court lacked subject-matter jurisdiction because claimant failed to strictly comply with the requirements set forth in section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 2006)). In particular, respondent asserted that claimant failed to file a notice of payment of the probable cost of the record or an affidavit of his attorney stating that payment had been made.

On October 28, 2008, claimant filed a motion to file an affidavit *instanter*. The attached affidavit was executed by claimant's attorney on October 28, 2008. Claimant's attorney stated that on April 8, 2008, he mailed a check payable to the Commission in the sum of $35 for the probable cost of transmitting the record to the circuit court and that on April 9, 2008, he filed a petition for administrative review in the circuit court. A copy of a check dated April 8, 2008, from the law firm representing claimant accompanied the motion and affidavit.

In a letter opinion dated January 7, 2009, the circuit court, after considering the briefs and arguments of counsel, dismissed claimant's petition with prejudice. The circuit court concluded that the filing of a receipt or an affidavit showing payment to the Commission of the probable cost of the record is a condition precedent to the vesting of subject-matter jurisdiction in the circuit court, that claimant failed to satisfy the precondition, and that jurisdiction did not vest in the circuit court due to claimant's failure to comply with the requirements of section 19(f)(1). On January 30, 2009, claimant filed a notice of appeal.

On appeal, claimant contends that the circuit court erred in finding that he failed to comply with the jurisdictional requirements set forth in section 19(f)(1) of the Act and in dismissing his petition for

administrative review for a lack of subject-matter jurisdiction. Claimant asks this court to remand the case to the circuit court for a determination of his petition on the merits.

■ While circuit courts are courts of general jurisdiction and enjoy the presumption of subject-matter jurisdiction, this presumption does not apply in workers' compensation proceedings, where the court exercises special statutory jurisdiction. *Kavonious v. Industrial Comm'n*, 314 Ill. App. 3d 166, 169 (2000). On appeal from a decision of the Commission, the circuit court obtains subject-matter jurisdiction only if the appellant complies with the statutorily mandated procedures set forth in the Act. *Jones v. Industrial Comm'n*, 188 Ill. 2d 314, 319-20 (1999). Relevant to this appeal is section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 2006)), which governs the procedure for initiating an appeal from the Commission to the circuit court. Section 19(f)(1) states in relevant part as follows:

"(1) Except in cases of claims against the State of Illinois *** the Circuit Court of the county where any of the parties defendant may be found, or if none of the parties defendant can be found in this State then the Circuit Court of the county where the accident occurred, shall by summons to the Commission have power to review all questions of law and fact presented by such record.

A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request returnable on a designated return day, not less than 10 or more than 60 days from the date of issuance thereof, and the written request shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons. ***

***

In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a part of the summons in that case and no request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made of the sums so determined to the Secretary or Assistant Secretary of the Commission, except as otherwise provided by Section 20 of this Act." 820 ILCS 305/19(f)(1) (West 2006).

This court has stated that every provision in section 19(f)(1) "traces back" to the statutory 20-day period. *Beasley v. Industrial Comm'n*, 198 Ill. App. 3d 460, 466 (1990). Thus, in order to perfect jurisdiction

in the circuit court, the appellant must not only file a written request for summons within 20 days after receiving the Commission's decision, but he or she must also exhibit to the clerk of the circuit court within the same time frame either a receipt showing payment of the probable cost of the record on appeal or an affidavit of an attorney setting forth that such payment has been made to the Commission. 820 ILCS 305/19(f)(1) (West 2006); *Beasley*, 198 Ill. App. 3d at 465. No summons shall issue unless these statutory requirements are satisfied. 820 ILCS 305/19(f)(1) (West 2006); *Beasley*, 198 Ill. App. 3d at 463-64.

■ In the present case, the Commission issued its decision on March 11, 2008, and fixed the probable cost of the record at $35. Claimant received the Commission's decision on March 24, 2008. The twentieth day after March 24, 2008, was Sunday, April 13, 2008. Therefore, claimant had until Monday, April 14, 2008, to file a written request for summons with the circuit court and to exhibit to the clerk of the court proof of payment of the probable cost of the record. See 5 ILCS 70/1.11 (West 2006) ("The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in the statute now or hereafter in force in this State, and then it shall also be excluded"). Claimant initiated his appeal on April 9, 2008, by timely filing a petition for administrative review, a request to the circuit clerk to issue summons to the Commission and the parties of record, and a certificate of mailing of the summons to the Commission. That same day, the clerk of the circuit court issued the summons to the Commission and to respondent and its attorneys. However, the record does not contain any documentation indicating that when he filed the petition for administrative review, or at any time within the statutory 20-day period, claimant also exhibited documentation showing proof of payment of the probable cost of the record. In fact, it was not until October 28, 2008, approximately $6^{1}/_{2}$ months after the expiration of the statutory period, that claimant sought to file an affidavit from his attorney setting forth that payment of the probable cost of the record had been made to the Commission. Therefore, the clerk of the circuit court issued the summons before claimant exhibited documentation establishing payment of the probable cost of the record.

As a general rule, the failure to strictly comply with the requirements of section 19(f)(1) deprives the circuit court of subject-matter jurisdiction over the appeal. *Jones*, 188 Ill. 2d at 321; *Arrington v. Industrial Comm'n*, 96 Ill. 2d 505, 509 (1983). Thus, the circuit court correctly determined that claimant's failure to establish that he timely exhibited documentation showing proof of payment of the probable

cost of the record divested the court of subject-matter jurisdiction. However, as claimant correctly observes, our supreme court has found, under certain circumstances, that substantial compliance with certain requirements of section 19(f)(1) is adequate to vest the circuit court with subject-matter jurisdiction. See *Jones*, 188 Ill. 2d at 321; *Berry v. Industrial Comm'n*, 55 Ill. 2d 274, 277-78 (1973). Thus, for instance in *Jones*, the supreme court concluded that the circuit court obtained subject-matter jurisdiction over an appeal from the Commission where the appellant filed a request for summons in the circuit court within the statutory 20-day period, and exhibited proof of payment for the probable cost of the record within the 20-day period, but exhibited proof of payment *after* filing the request for summons. *Jones*, 188 Ill. 2d at 324-27. Similarly, in *Berry*, the supreme court concluded that the circuit court acquired subject-matter jurisdiction despite the appellant's failure to physically exhibit to the clerk of the circuit court a receipt showing payment of the probable cost of the record. *Berry*, 55 Ill. 2d at 277-78. The *Berry* court stated that the purpose of the proof-of-payment requirement in section 19(f)(1) is to " 'coerce the payment of an amount sufficient to cover the cost of the record which the *** Commission must prepare.' " (Emphasis omitted.) *Berry*, 55 Ill. 2d at 277, quoting *Moweaqua Coal Mining & Manufacturing Co. v. Industrial Comm'n*, 322 Ill. 403, 405 (1926). Thus, it reasoned that the purpose of the statute is fulfilled, and the circuit court acquires jurisdiction, where there is evidence indicating that the clerk was satisfied that payment had in fact been made to the Commission. *Berry*, 55 Ill. 2d at 278. In *Berry*, the court found such evidence. In particular, the court cited to evidence that the appellant timely filed a *praecipe* for *certiorari* (the statutory predecessor of the request to issue summons), he timely forwarded to the Commission a check for the probable cost of the record, he tendered to the clerk a copy of the transmittal letter sent to the Commission with the payment, and, before issuing summons, the clerk telephoned the Commission to verify that the payment had been made in a timely fashion. *Berry*, 55 Ill. 2d at 277-78. The *Berry* court also indicated that a letter or telegram from the Commission informing the clerk that the cost has been paid would suffice. *Berry*, 55 Ill. 2d at 278.

Claimant relies on both *Jones* and *Berry* in support of his argument for reversal. However, both cases are factually inapposite. In *Jones*, the supreme court excused strict compliance with section 19(f)(1) because the record affirmatively established that all of the steps required to vest the circuit court with jurisdiction were performed within the statutory 20-day time frame. As noted above, the record presented in this case does not show that claimant exhibited

any documentation showing proof of payment of the probable cost of the record within the statutory 20-day time frame.

Furthermore, unlike the supreme court in *Berry*, we cannot say that the evidence establishes that prior to issuing summons the clerk of the circuit court was satisfied that the cost of preparing the record had been received by the Commission. Claimant cites no evidence that the clerk of the circuit court had any type of contact with the Commission to verify that payment had been made in a timely manner. Claimant does point out that the word "affidavit" was handwritten directly on a file-stamped copy of the request for summons. According to claimant, this notation was made by someone in the clerk's office and it establishes that he showed the clerk that the probable cost of the record had been paid. We disagree. The notation was not made on all copies of the request for summons contained in the record. Furthermore, there is no record of who made the entry, when it was made, or what its intended purpose was. In addition, as the circuit court itself noted, no actual affidavit was filed when the request for summons was made. Thus, attributing any specific meaning to the word "affidavit" would require us to engage in speculation.

Claimant asserts that upholding the decision of the circuit court would exalt form over substance. He also suggests that, because section 19(f)(1) provides that no summons shall issue unless the appellant exhibits proof of payment of the probable cost of the record, and because the circuit court in fact issued a summons, the clerk must have been satisfied that payment was made. However, in *Arrington*, 96 Ill. 2d 505, the supreme court rejected similar arguments. The *Arrington* court stated:

"Although we recognize *Berry* sought to further substance over form and prevent technicalities from depriving a party of the right to be heard, these objectives must be balanced against the statutory goal of ensuring that payment has actually been received prior to the issuance of the writ. In seeking to relax further the standards articulated in *Berry* to cover a new situation where no proof exists in the record to show the clerk was actually made aware that the payment had been received, the claimant asks us to create an unacceptable risk that the writ of *certiorari* will be improvidently issued.

It is true that in our case the evidence now shows that the payment had actually been made and the receipt of the Commission had been issued before the writ of *certiorari* was issued by the circuit court. However, under the procedure followed in this case, it would have been possible for payment not to have been received before the writ issued, or possible that it would never be received. The strictness of the statutory requirement was designed to ensure

that this would not happen. It was designed to relieve the Commission of the uncertainty of whether or not payment would be received. We relaxed the strict statutory requirement in *Berry* so that it was not necessary that the receipt be physically exhibited to the clerk before the writ issued. We cannot, however, relax the requirement further to the extent of injecting into the proceedings the very uncertainty of payment which the statutory requirement was designed to eliminate. Any substitute for physically exhibiting the receipt to the clerk must carry with it the same certainty that payment has been received by the Commission as is demonstrated by physically exhibiting the receipt itself. Furthermore, the record of the circuit court should reflect the nature by which this certainty has been accomplished." *Arrington*, 96 Ill. 2d at 510-11.

Claimant offers no persuasive reason to ignore these cogent words from our supreme court. As we noted above, claimant did not physically exhibit documentation to the clerk of the circuit court, there is no evidence in the record showing an adequate substitute, and this case is factually distinguishable from both *Berry* and *Jones*.

In short, we find no proof in the record indicating that claimant exhibited to the clerk of the circuit court within 20 days after receiving the Commission's decision any documentation showing proof of payment of the probable cost of the record on appeal, and there is no evidence that the clerk of the circuit court was otherwise satisfied that the probable cost of the record had been paid prior to the issuance of the summonses. Accordingly, we affirm the judgment of the circuit court of Winnebago County, which dismissed with prejudice claimant's appeal from the Commission.

Affirmed.

McCULLOUGH, P.J., and HOFFMAN, J., concur.

JUSTICE DONOVAN, dissenting:
I respectfully disagree with the majority's view that *Jones v. Industrial Comm'n*, 188 Ill. 2d 314 (1999), and *Berry v. Industrial Comm'n*, 55 Ill. 2d 274 (1973), are "factually inapposite." After considering the facts and circumstances in the case at bar in accordance with the reasoning in *Jones* and *Berry*, I would reverse the circuit court's judgment dismissing the petition for judicial review and remand the case for a decision on the merits.

It is well settled that the circuit court exercises a special statutory jurisdiction in review of decisions of the Commission and that the court obtains jurisdiction only in the manner prescribed by the statute.

*Jones*, 188 Ill. 2d at 319-20; *Berry*, 55 Ill. 2d at 275-76. When construing and applying statutes related to jurisdiction, reviewing courts should "liberally construe" those granting a right to appeal in order to permit cases to be considered on the merits and to provide that statutes be applied in a practical and commonsense manner. *Jones*, 188 Ill. 2d at 328; *Berry*, 55 Ill. 2d at 277-78.

In *Jones*, the claimant initiated the appeal, filed a request for summons in a timely manner, and exhibited proof of payment of the probable cost of the record within the 20-day period for filing the appeal, but he did not exhibit that proof of payment at the time he filed his request for summons. The Illinois Supreme Court found that the claimant's failure to exhibit proof of payment at the time he filed the request for summons was a mere oversight, that there was no strategic basis behind the claimant's omission, and that the circuit clerk had compounded the oversight by accepting the filing of the request for summons and allowing the summons to issue on that date. The supreme court noted that there was no allegation or showing of any prejudice to the respondent or to the Commission as a result of the claimant's oversight. *Jones*, 188 Ill. 2d at 324.

In considering the jurisdictional requirements under section 19(f)(1), the supreme court initially noted that it is essential that appeals from the Commission be taken in a timely manner in order to obtain a prompt resolution of an injured employee's claim, and thereby satisfy a key goal of the workers' compensation law. *Jones*, 188 Ill. 2d at 321. The court recognized that it had consistently held that the timely filing of a request for summons and the timely exhibition of proof of payment for the probable cost of the record are jurisdictional requirements that must be strictly adhered to in order to vest the circuit court with jurisdiction over an appeal from the Commission. *Jones*, 188 Ill. 2d at 320. But the court also recognized its consistent holding in prior cases that where timely initiation of an appeal was not at issue, substantial compliance with the precepts of section 19(f)(1) was sufficient to vest the court with jurisdiction. See *Jones*, 188 Ill. 2d at 321-22; *Berry*, 55 Ill. 2d at 277-78.

The supreme court then considered the purpose behind section 19(f)(1)'s requirement that the party seeking judicial review exhibit to the circuit clerk proof of payment of probable cost as a precondition to the issuance of a summons, and it concluded that the proof-of-payment requirement serves to eliminate a potential administrative inconvenience for the Commission. *Jones*, 188 Ill. 2d at 325-26. The court reasoned that if the proof-of-payment requirement did not exist, the Commission could be faced with cases in which it would be compelled to file a motion to quash summons because it had been served with a

summons directing it to prepare the record by a designated return date, but had not received payment for the probable cost of the record prior to the return date. *Jones*, 188 Ill. 2d at 325-26. In considering the facts before it, the court noted that the claimant had paid the cost of preparing the record well in advance of the return date on the summons and that the Commission had not been compelled to contest the summons.

The supreme court next noted that section 19(f)(1) does not indicate what consequences should follow from a failure to satisfy the proof-of-payment requirement. The court stated that in the absence of a clear indication to the contrary, it would not presume that the legislature, having granted a right to judicial review, intended the right to be lost on " ' "narrow or technical" ' " grounds. See *Jones*, 188 Ill. 2d at 328, quoting *Lee v. Industrial Comm'n*, 82 Ill. 2d 496, 500 (1980), quoting *Smith v. Estate of Womack*, 12 Ill. 2d 315, 317 (1957) (when construing statutes related to jurisdiction, there must be substantial compliance with the provisions conferring jurisdiction, but the construction must not be " 'so narrow or technical' " as to defeat the intent of the act where all material provisions of the statute have been met). In keeping with the principles that statutes be liberally construed to permit a case to be considered on the merits and that statutes be applied in a practical manner to avoid unjust results, the supreme court determined that the claimant had timely filed the request for summons, that the claimant had satisfied the material provisions of section 19(f)(1), and that jurisdiction properly vested in the circuit court. *Jones*, 188 Ill. 2d at 325-27.

In *Berry*, the claimant timely filed a *praecipe* for *certiorari*, forwarded to the Commission a check for the probable cost of the record, and tendered to the clerk a copy of the transmittal letter he sent to the Commission. The clerk, before issuing the summons, telephoned the Commission to verify that a timely payment had been received. The Illinois Supreme Court stated that the statute required that the receipt for the probable cost of the record be exhibited to the clerk of the court before a writ of *certiorari* is issued, and it determined that a confirmation by telephone to the circuit clerk was sufficient compliance with the statute. *Berry*, 55 Ill. 2d at 277-78.

In the case at bar, claimant timely filed his request for summons and thus initiated his appeal in the circuit court in a timely fashion. The record shows that the word "Affidavit" is hand-printed above the title on the document, "REQUEST TO THE CLERK OF THE CIRCUIT COURT," and provides some evidence that the clerk of the court, before issuing summons, took steps to verify that claimant's attorney had exhibited proof of payment. The record does not contain a

receipt or a separate affidavit evidencing proof of payment, but the Commission prepared and submitted the transcript of proceedings by the designated return date. In this case, as in *Jones*, the key purposes of section 19(f)(1) have been met. The petition for review and the request for summons were timely filed, and the Commission, having received payment for the record before the return date, was not caused to contest the summons for nonpayment.

Remaining mindful that the Act is a remedial statute intended to provide financial protection for injured workers and that it should be liberally construed to accomplish that primary purpose (*Flynn v. Industrial Comm'n*, 211 Ill. 2d 546, 556 (2004)), and applying the reasoning in *Jones* and in *Berry*, I find that claimant satisfied the material provisions of section 19(f)(1), that jurisdiction properly vested in the circuit court, and that the circuit court erred in dismissing with prejudice claimant's petition for administrative review. I would reverse the circuit court's judgment dismissing with prejudice claimant's petition for administrative review and remand the case to the circuit court with instructions to decide the case on the merits.

For the reasons stated herein, I respectfully dissent.

HOLDRIDGE, J., concurs in this dissent.