ROSA ROJAS, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Foell Packing Company, Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—09—2958WC

Opinion filed December 27, 2010.—Rehearing denied February 16, 2011.

Frank Soto, of Advocate Attorney Group, Ltd., of Bensenville, for appellant.

Amy L. Trunbaugh, of Ganan & Shapiro, P.C., of Chicago, for appellee.

JUSTICE STEWART delivered the judgment of the court, with opinion.

Presiding Justice McCullough and Justices Hoffman, Hudson, and Holdridge concurred in the judgment and opinion.

## OPINION

Rosa Rojas (the claimant) appeals from a decision of the circuit court of Cook County which confirmed a decision of the Illinois Workers' Compensation Commission (the Commission). The Commission affirmed and adopted the decision of the arbitrator denying the claimant's petition for reinstatement of her claim, which had been dismissed for want of prosecution. The sole issue raised on appeal by the claimant is whether the Commission abused its discretion in denying the claimant's petition to reinstate her claim. No cross-appeal was filed by the employer. We raise, *sua sponte*, the issue of the jurisdiction of the circuit court to hear the claimant's appeal. We hold that the circuit court lacked jurisdiction and, accordingly, we vacate the judgment of the circuit court and dismiss this appeal.

## BACKGROUND

On August 17, 1999, the claimant filed an application for adjustment of claim, alleging that her left arm and shoulder were injured in a work accident. On February 6, 2003, the arbitrator entered an order finding that "all parties received due notice, but the [claimant] failed to appear at a status call or trial date." Accordingly, the arbitrator dismissed the case for want of prosecution. In the notice of that dismissal, the claimant was informed that, unless she filed a petition to reinstate with the Commission within 60 days of receipt of the dismissal, her case could not be reopened.

On March 12, 2003, the claimant's attorney timely filed a notice of motion to reinstate the case and requested a hearing date of March 24, 2003. The hearing was continued until April 9, 2003, but neither the claimant nor her attorney appeared for that hearing. On August 4, 2003, the claimant's new attorney filed an appearance in the case. On March 8, 2004, the claimant filed a notice of a motion for reinstatement of the case. The notice scheduled a hearing on April 12, 2004, but no motion was filed and no hearing was held. Subsequently, the claimant filed a "Petition To Return Case To Trial Call" and accompanying notice of hearing. Neither the petition nor the notice is file-marked, but the notice schedules the petition for hearing on September 13, 2004. On September 7, 2004, the employer filed a reply

and objection to the claimant's petition to reinstate, alleging in part that neither the claimant nor her attorney appeared for the hearing on April 12, 2004; that she had never proceeded on her request for reinstatement; that she had not exercised due diligence in prosecuting her claim; and that the employer no longer existed in Illinois.

The hearing on the petition was continued to September 30, 2004, and on that date the arbitrator heard the parties' arguments on the issue of reinstating the claimant's case. On November 18, 2004, the arbitrator denied the claimant's motion to return the case to the trial call. In that order, the arbitrator found that she had originally dismissed the case on February 6, 2003, when the claimant and her attorney failed to appear at a trial call on a date that was "well above the red line." She noted that the claimant's first petition to reinstate was timely filed and that a hearing was set on that petition on April 9, 2003, but that the claimant and her attorney again failed to appear. As a result, the motion to reinstate the case was dismissed. The arbitrator found that the dismissal "was clearly shown on the data base of the *** Commission." She determined that the claimant had not filed any request to reinstate the case until March 8, 2004, which was 13 months after the original dismissal. She denied the motion to return the case to the trial call based upon "the length of delay and the absence of good cause for such a delay."

The claimant filed a petition for review of the arbitrator's decision. On September 25, 2007, the Commission affirmed and adopted the arbitrator's order.

The claimant appealed the Commission's order to the circuit court, and the employer filed a motion to dismiss, arguing that the claimant had failed to timely comply with the requirements of section 19(f)(1) of the Workers' Compensation Act (Act) (820 ILCS 305/19(f) (West 2008)), depriving the circuit court of subject matter jurisdiction. The employer asserted that the claimant received notice of the Commission's September 25 decision on September 27, 2007. The twentieth day after September 27, 2007, was October 17, 2007. The employer alleged that the claimant had attempted to file her case on October 16, 2007, by file-stamping the certificate of mailing and summons at a no-fee drop box at a suburban district office of the circuit clerk's office. The employer alleged that the claimant had failed to file a request for summons, proof of payment of the probable cost of the record, or have summons issued within 20 days of receiving notice of the Commission's decision as required by section 19(f)(1) of the Act.

The employer asserted that the request for summons was not properly filed in the office of the circuit clerk, and summons was not issued, until December 21, 2007, well beyond the 20 days allowed after

the claimant's receipt of notice of the Commission's decision. The employer alleged that the claimant's failure to pay the filing fee and obtain a case number until December 21, 2007, the sixty-fifth day after receiving notice of the Commission's decision, deprived the circuit court of subject matter jurisdiction. The employer also argued that the claimant could not have timely filed proof of payment of the probable cost of the record since the receipt for payment is dated on the twenty-second day, after September 27, 2007.

The record on appeal includes a request to issue summons, a certificate of mailing, and a summons in administrative review. Each document bears a file-stamp from the Cook County circuit clerk's office dated October 16, 2007, which includes the letter "B" as part of the file-stamp. The certificate of mailing and summons also bear a second file-stamp, dated December 21, 2007, from the Cook County circuit clerk, law division. The certificate of mailing and summons bear the seal of the circuit clerk for the date of December 21, 2007. In the certificate, the clerk of the circuit court states that, on December 21, 2007, she mailed a copy of the summons to the Commission. Also included in the record is the original Commission receipt for payment of the probable cost of the record, which is only file-marked by the clerk of the circuit court on December 21, 2007. The receipt is dated October 19, 2007, the twenty-second day after the claimant received notice of the Commission's decision. The claimant's attorney did not file an affidavit stating that the probable cost of the record had been timely paid.

On March 17, 2008, the employer filed an amended motion to dismiss. The employer attached the affidavit of Yvonne Castronova to the amended motion to dismiss. In that affidavit, Castronova, the supervisor of the information department of the Commission, stated that the claimant's receipt for the payment of the cost of the preparation of the record was signed after the required $35 fee was received from the mail room on October 19, 2007. Castronova stated that, when she completed receipts for payment of the cost of the preparation of the record, she dated the receipts "to coincide with the file stamp date" from the Commission's mail room.

On March 20, 2008, the circuit court granted the employer leave to take an evidence deposition of Robert O'Connor. In that deposition, O'Connor testified that he was the office manager for the law division of the Cook County circuit clerk's office and was familiar with the procedures and requirements for filing workers' compensation review cases. He stated that, when parties initially place their cases for filing in a no-fee drop box, their documents receive a file-stamp that includes the letter "B." No-fee drop boxes are available at the circuit clerk's of-

fice in the law division on the eighth floor of the Daley Center in Chicago and at suburban district offices. The no-fee drop boxes allow the litigants to receive a file-stamp on an original document without having to wait in line at the clerk's office. However, new cases required to be filed in the law division must also receive a case number from the clerk's office at the Daley Center. According to O'Connor, for workers' compensation review cases, the litigants must not only file the documents, they must also pay the filing fee before receiving a case number or having the summons issue to the Commission.

O'Connor testified that he first became aware of the claimant's case when it came across his desk in December 2007. He explained that the file-stamp with the "B" designation, dated October 16, 2007, on the certificate of mailing and the summons indicated that those documents had been filed at a no-fee drop box on that date. He thought there were other documents included with the certificate of mailing and the summons, but he could not remember any particular documents. He recalled that, when he first reviewed the documents, he could not match them with any open case, so he contacted the claimant's attorney. He was certain that no filing fee had been paid for the claimant's case until December 21, 2007, because that is the date that the case was file-stamped in the clerk's office.

In a response to the motion to dismiss and in written arguments, the claimant argued that the filing of the case at the no-fee drop box vested jurisdiction in the circuit court regardless of the date on which the filing fee was paid or the case number assigned. To her response, she attached the affidavit of her attorney stating that he "filed the request for summons concurrently with the other documents" when he took them for filing on October 16, 2007. In the affidavit, the claimant's attorney did not aver that he filed the proof of payment of the probable cost of the record within 20 days after receiving notice of the Commission's decision or that he paid the filing fee at the circuit clerk's office before December 21, 2007. Additionally, he did not explain what "other documents" could have been included in the group deposited into the no-fee drop box.

The claimant also argued that the alleged defects in her case were "curable and cured" before the employer filed its motion to dismiss and that the circuit clerk's office was responsible for the error in not assigning a docket number to the case and issuing summons until December 21, 2007. The claimant also argued that she had substantially complied with the requirements to perfect her appeal to the circuit court.

On October 29, 2008, the circuit court denied the employer's motion to dismiss without explaining the basis of the ruling. On July 2,

2009, the circuit court confirmed the Commission's decision. The claimant filed a timely notice of appeal.

## ANALYSIS

Although the employer does not raise the issue of the circuit court's jurisdiction in this appeal, we are required to do so *sua sponte*, for if the circuit court lacked subject matter jurisdiction, then its orders are void and of no effect. See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52, 930 N.E.2d 895, 915 (2010) (a reviewing court has a duty to consider whether it has subject matter jurisdiction and dismiss the appeal if jurisdiction is lacking); *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 215, 486 N.E.2d 893, 898 (1985) (subject matter jurisdiction can be raised at any time, in any court, either directly or collaterally); *Jones v. Industrial Comm'n*, 335 Ill. App. 3d 340, 343, 780 N.E.2d 697, 700 (2002) (subject matter jurisdiction either exists or it does not and it cannot be waived, stipulated to, or consented to by the parties); *Taylor v. Industrial Comm'n*, 221 Ill. App. 3d 701, 703, 583 N.E.2d 4, 6 (1991) ("It is well established that a reviewing court must *sua sponte* inquire into its jurisdiction, and if it determines that jurisdiction is lacking, the reviewing court must decline to proceed"); *Beasley v. Industrial Comm'n*, 198 Ill. App. 3d 460, 464, 555 N.E.2d 1172, 1174 (1990) (failure of the appellant to comply with the requirements of section 19(f)(1) within the 20-day period after receipt of the Commission's decision deprived the circuit court of jurisdiction, and any proceedings following the Commission's decision were "nullities").

Since we have decided to raise the issue of subject matter jurisdiction *sua sponte*, we feel constrained to note two prior decisions of this court. In *Wolfe v. Industrial Comm'n*, 138 Ill. App. 3d 680, 486 N.E.2d 280 (1985), the employer challenged subject matter jurisdiction in the circuit court. As in this case, the circuit court found that it had jurisdiction to proceed, but confirmed the decision of the Industrial Commission in favor of the employer. The claimant appealed to the appellate court, but the employer did not file a cross-appeal on the issue of jurisdiction. The *Wolfe* court held that once the issue of subject matter jurisdiction has been determined in the circuit court, that decision becomes the law of the case, and the failure to file a cross-appeal waives the issue. *Wolfe*, 138 Ill. App. 3d at 686, 486 N.E.2d at 284. *Wolfe* was followed under the same circumstances in *Board v. Industrial Comm'n*, 148 Ill. App. 3d 15, 499 N.E.2d 90 (1986). Although the procedural posture of this case is the same, we decline to follow *Wolfe* and *Board* because we believe they were wrongly decided. It is well established that the issue of subject matter jurisdiction may

not be waived by the parties, and it is our duty to determine the issue of jurisdiction in this appeal. *Taylor*, 221 Ill. App. 3d at 703, 583 N.E.2d at 6. Consequently, we will proceed to consider whether the circuit court acquired subject matter jurisdiction in this case. In doing so, we note that although this issue has not been briefed in this court, it was fully briefed and argued in the circuit court, and the parties were notified in advance of oral argument to address the issue of jurisdiction.

■ Although the circuit courts are courts of general jurisdiction and enjoy a presumption of subject matter jurisdiction, that presumption does not apply in workers' compensation proceedings, where the court exercises special statutory jurisdiction. *Kavonius v. Industrial Comm'n*, 314 Ill. App. 3d 166, 169, 731 N.E.2d 1287, 1290 (2000). In an appeal from a decision of the Commission, the circuit court obtains subject matter jurisdiction only if the appellant complies with the statutorily mandated procedures set forth in the Act. *Esquivel v. Illinois Workers' Compensation Comm'n*, 402 Ill. App. 3d 156, 159, 930 N.E.2d 553, 555 (2010). Section 19(f) of the Act provides, in pertinent part, as follows:

"The decision of the Commission *** shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. ***

(1) *** [T]he Circuit Court *** shall by summons to the Commission have power to review all questions of law and fact presented by such record.

A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request ***. ***

The Commission shall not be required to certify the record of their proceedings to the Circuit Court, unless the party commencing the proceeding for review in the Circuit Court [shall pay the proper amount for the cost of the preparation of the record].

In its decision on review the Commission shall determine *** the probable cost of the record to be filed as part of the summons in that case and *no request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made of the sums so determined ***."*
(Emphasis added.) 820 ILCS 305/19(f) (West 2008).

Every provision of section 19(f)(1) traces back to the statutory 20-day period. *Beasley*, 198 Ill. App. 3d at 466, 555 N.E.2d at 1175.

We will focus our inquiry on whether the claimant timely filed proof of payment of the probable cost of the record. In *Esquivel*, the court ruled that "in order to perfect jurisdiction in the circuit court, the appellant must not only file a written request for summons within 20 days after receiving the Commission's decision, but he or she must also exhibit to the clerk of the circuit court within the same time frame either a receipt showing payment of the probable cost of the record on appeal or an affidavit of an attorney setting forth that such payment has been made to the Commission." *Esquivel*, 402 Ill. App. 3d at 159-60, 930 N.E.2d at 556. In *Esquivel*, the claimant filed a petition for review from the Commission's decision, a request for summons, and a certificate of mailing in the trial court within 20 days of receipt of the Commission's decision. *Esquivel*, 402 Ill. App. 3d at 158, 930 N.E.2d at 554. However, the claimant did not file proof of payment of the probable cost of the record until more than six months after the 20-day filing period had expired. *Esquivel*, 402 Ill. App. 3d at 158, 930 N.E.2d at 555. At that time, the claimant's attorney filed an affidavit stating that he had paid the probable cost of the record within the 20 days required under section 19(f)(1). *Esquivel*, 402 Ill. App. 3d at 158, 930 N.E.2d at 555. Therefore, in *Esquivel*, the claimant had actually paid the fee for the preparation of the record within the 20-day period but failed to submit proof of that payment to the circuit court within that period. The court in *Esquivel* rejected the claimant's argument that his actions had conferred jurisdiction on the circuit court. *Esquivel*, 402 Ill. App. 3d at 163, 930 N.E.2d at 559.

■ In this case, the claimant's failure to follow the requirements of section 19(f)(1) was more serious than in *Esquivel*. Here, the receipt for payment of the probable cost of the record is dated on the twenty-second day, and no affidavit of the claimant's attorney alleging payment within the required 20-day period appears of record. The receipt is file-marked as filed at the circuit clerk's office on December 21, 2007, well beyond the required 20-day period. Under these circumstances, the circuit court did not obtain subject matter jurisdiction and had no jurisdiction to consider the merits of the claimant's appeal. Our court has consistently held that the circuit court does not acquire subject matter jurisdiction to review the Commission's decision unless the appellant submits proof of payment of the probable cost of the record within 20 days after receipt of the Commission's decision. See *Esquivel*, 402 Ill. App. 3d at 163, 930 N.E.2d at 559, and *Kavonius*, 314 Ill. App. 3d at 169, 731 N.E.2d at 1290, and cases cited therein.

We recognize that additional issues pertaining to subject matter jurisdiction are raised by the proceedings in the circuit court. For example, the claimant argued in the circuit court that filing the neces-

sary documents in a no-fee drop box within the 20-day period required the circuit clerk to issue summons although the filing fee had not yet been paid. We need not determine any additional issues, however, because the claimant's clear failure to submit proof of payment of the probable cost of the record deprived the circuit court of jurisdiction. Accordingly, we must vacate the decision of the circuit court and dismiss this appeal. See *Bracy v. Industrial Comm'n*, 338 Ill. App. 3d 285, 288, 788 N.E.2d 737, 740 (2003) (the appellate court vacated the judgment of the circuit court confirming a decision of the Commission and dismissed the claimant's appeal because the claimant's failure to comply with the 20-day time limit of section 19(f)(1) deprived the circuit court of subject matter jurisdiction).

## CONCLUSION

The order of the circuit court confirming the decision of the Commission is vacated, and this appeal is dismissed.

Judgment vacated; appeal dismissed.